THE MAYOR, ETC., OF SAVANNAH vs. CRAWFORD & LOV-
ELL et al.

The charter of the city of Savannah invests it with full power and authority to make such assessments and lay such taxes on the inhabitants thereof, and those who hold taxable property within the same, or who transact or offer to transact business therein, as they may deem expedient for the safety, benefit, convenience or advantage of the city, and to enforce the collection thereof in such manner as they may prescribe. This power extends not only to real

and personal property, but to capital invested in the city, stocks in moneyed corporations, choses in action, income and commissions derived from the pursuit of any profession, faculty, trade or calling, dividends, bank, insurance, express and other agencies, and all other property or sources of profit not expressly prohibited or exempt by state law or competent authority of the United States:

*Held,* that the municipal authorities could change an ordinance imposing a special tax upon a particular class of dealers by increasing the rate, after the tax first levied had been paid, but before the expiration of the time for returning and paying the same; and such a change, made between the date of the payment and the time when its collection could have been enforced, was not unlawful.

(*a.*) Taxation is not a contract, nor does the payment of such a tax vest in a party making it any right of freedom from a future levy or assessment.

(*b.*) An injunction should not have been granted to stay the collection of such a tax, and a bill filed for that purpose was demurrable

January 26, 1886.

Municipal Corporations. Tax. Constitutional Law. Contracts. Injunction. Before Judge ADAMS. Chatham Superior Court. June Term, 1885.

Crawford & Lovell *et al.* filed their bill against the Mayor and Aldermen of the City of Savannah to enjoin the collection of a tax which they alleged to be illegal. The facts on which the bill was predicated were, in brief, as follows: .

On January 1, 1884, the complainants were dealers in goods, wares and merchandise in Savannah, selling at retail and wholesale. On December 26, 1883, the mayor, etc., under the taxing power contained in their charter (Code, §4847), passed a tax ordinance entitled

"An ordinance to assess and levy taxes and raise revenue for the city of Savannah, for the regulation of certain kinds of business in the corporate and jurisdictional limits of said city, fixing penalties for the violation of the revenue ordinances of said city, and for other purposes connected with taxes and revenue of said city."

The fifth section of this ordinance provided as follows:

"Every person transacting or offering to transact either of the kinds of business hereinafter specified shall pay the tax hereinafter pre-

scribed, viz.  .  .  .  Every retail dealer also selling at wholesale, one hundred dollars."

It was further provided that every person liable for taxation under the 5th section of the ordinance should make returns of the business in which he was engaged to the city treasurer within thirty days after the first day of January, 1884, and that all taxes required for business in which any person should be engaged at that date should be considered as due on the last day allowed for making returns thereof.  For a default, a penalty by execution was provided.

On January 9 and 12, respectively, the complainants made their returns, paid the tax provided by the ordinance, and received from the city treasurer receipts, each similar to the following:

"No. 585.                              CITY TREASURER'S OFFICE,
                                    SAVANNAH, January 9, 1884.
Received from Crawford & Lovell one hundred dollars specific tax for 1884, as wholesale and retail dealers at 155 Broughton St.
$100.00.                              JAS. L. RANKIN,
                                         for City Treasurer."

On January 17, 1884, the mayor, etc., passed an ordinance entitled

"An ordinance to amend an ordinance entitled an ordinance to assess and levy taxes and raise revenue for the city of Savannah for the regulation of certain kinds of business in the corporate and jurisdictional limits of said city, fixing penalties for the violation of the revenue ordinances of said city, and for other purposes connected with taxes and revenue of said city," passed in council December 26, 1883.

The first section of that ordinance was as follows:

"Section 1. The mayor and aldermen of the city of Savannah, in council assembled, do hereby ordain, That section V. of the ordinance passed in council December 26th, 1883, entitled an ordinance to assess and levy taxes and raise revenue for the city of Savannah for the regulation of certain kinds of business in the corporate and jurisdictional limits of said city, fixing penalties for the violation of the revenue ordinances of said city, and for other purposes connected with taxes and revenue of said city, be, and the same is amended by striking out from said section the following words:

" 'Every retail dealer also selling at wholesale, one hundred dollars.

" 'Every dealer exclusively wholesale, two hundred dollars,' and substituting in lieu thereof the following words:

" 'Every dealer exclusively wholesale, or retail dealer selling at wholesale, two hundred dollars.' "

Under this amended ordinance the mayor and aldermen contended that complainants should pay the tax of two hundred dollars required by the amended ordinance in lieu of the amount of tax of one hundred dollars prescribed by the ordinance December 26th, 1883, the one hundred dollars already paid being credited on the tax prescribed under first section of ordinance of January 17th, 1884. The complainants contended that, as they had paid one hundred dollars under ordinance of December, 1883, they could not be required to pay the additional one hundred dollars assessed on persons carrying on this business in the city of Savannah.

The defendants demurred generally to the bill.   On the hearing, the chancellor overruled the demurrer and granted an injunction, and the  defendants excepted.

H. C. CUNNINGHAM, for  plaintiffs in  error.

J. R. SAUSSY; JOHN L. SCHLEY, for defendants.

HALL, Justice.

The question made by this record is, whether the municipal authorities of the city of Savannah, under the power conferred by their charter, have authority to change an ordinance imposing a special tax upon a particular class of dealers by increasing the rate after the tax first levied has been  paid, but before the expiration of the time for returning and paying  the same, the change in the rate having been made  between the date of this payment and the time when its collection could have been enforced.

The city government is vested with full  power and authority to make such  assessments. and levy such taxes on

the inhabitants thereof, and those who hold taxable property within the same, or who transact or offer to transact business therein, as it may deem expedient for the safety, benefit, convenience and advantage of the city, and to enforce the collection thereof in such a manner as they may prescribe. This power extends not only to real and personal property, but to capital invested in the city, stocks in money corporations, choses in action, income and commissions derived from the pursuit of any profession, faculty, trade or calling, dividends, bank, insurance, express and other agencies, and all other property or sources of profit, not expressly prohibited or exempt by state law or competent authority of the United States. Code, §4847. The solitary restriction upon the exercise of this ample power is that contained in the last clause of the section. The alteration of any ordinance imposing a tax, which increases the rate, is not expressly prohibited, and that this may be done so as to equalize the burthen and divide it equitably among the tax-payers, or to meet the exigencies and wants of the corporation, to provide for its safety, contribute to its benefit, and promote its convenience and advantage, has, we think, been decided by this court. *Johnston vs. Macon*, 62 *Ga.*, 646; *Goodwin vs. Savannah*, 53 *Id.*, 410, as well as others; Nelson *vs.* Milford, 7 Pick, 24. It was insisted, on the argument before this court, that the payment of the taxes by the complainants, before the change in the ordinance, was an executed contract between them and the city, under which the right to carry on their business for the current year vested, and that a subsequent increase of the tax for the same year, and its collection from them, divested their right and violated their contract.

It is inconceivable in what legal or constitutional sense taxation can be deemed a contract, since it is wanting in all of the essential elements of one; nor is it altogether apparent how the payment of such a tax can vest in a party any right of freedom from a future levy or assessment. *State vs. Southwestern Railroad,* and *vice versa,*

70 *Ga.*, 13 (h. n. 8), 32 to 36, both inclusive, and citations there. As to vested rights, see *City of Atlanta vs. Gate City Gas Light Company*, 71 *Id.*, 107 (h. n. 3), 123, 124 and citations. The claim is more strictly to an immunity or exemption from an equal and common burthen imposed upon other citizens than to a vested right, and in such case the party claiming the exemption must produce the law exonerating him. Why, in this respect, he should be more highly favored than his fellows, we know not; without very cogent reasons, courts should not interpose to arrest the collection of taxes, as they may thus impede, if not stop, the wheels of the municipal government, and throw affairs into confusion, if not into anarchy.

There was nothing here to authorize the order for injunction. The bill was wholly wanting in merit, and the demurrer to it being well taken, should have been sustained. The injunction granted must be dissolved, and the defendant left at liberty to enforce its tax ordinances.

Judgment reversed.