552    SUPREME COURT OF WISCONSIN.    [Nov.

State ex rel. Transportation Asso. v. Zimmerman, 181 Wis. 552.

STATE EX REL. TRANSPORTATION ASSOCIATION OF WISCON-
SIN, Plaintiff, vs. ZIMMERMAN, as Secretary of State,
Defendant.

*October 20—November 2, 1923.*

*Licenses: Motor vehicles: Registration: Fees based on weight:
Constitutional law: Classification: Discrimination: Privilege
or occupation tax: Busses and passenger-carrying vehicles:
Exemptions from registration: Farm machinery: Trailers:
Re-registration: Jurisdiction of courts.*

1. Ch. 320 of the Laws of 1923, relating to the regulation of motor
   vehicles, and which designates five classes of automobile
   licenses and six classes of truck and bus licenses, some of
   which provide different fees, depending on the weight of the
   vehicle, is not unconstitutional because of discrimination in
   the rates charged between the owners of motor vehicles, there
   being a marked and substantially uniform increase in the fee
   per one hundred pounds as the weight increases, and the ne-
   cessity of difference being inherent in the necessity of the
   classification.

2. The taxing of automobiles used for strictly private purposes is
   a tax upon the privilege of using the highways, while a tax
   upon the owner of a motor vehicle used for hire is not only a
   tax upon the privilege of using the highways but also an oc-
   cupation tax, and the act is not unconstitutional because it
   specifies a higher rate upon busses and other vehicles carry-
   ing passengers.

3. It was within the power of the legislature to exempt from
   the provisions of the act tractors hauling trailers or other
   equipment "for strictly agricultural purposes," as the use of
   the highways in such cases is merely incidental to the use of
   the machinery.

4. The exemption of trailers weighing one and one-half tons or
   less is justified because they usually run in connection with
   automobiles and impose but a slight burden upon the high-
   way.

5. So long as there is an equality between members of each class
   in a lawfully classified tax measure, neither the state nor the
   federal constitution is invaded, and there need be no equality
   between different classes unless the inequality is so great
   that it evinces a purpose to destroy or unreasonably hamper
   one class as against the other.

State ex rel. Transportation Asso. v. Zimmerman, 181 Wis. 552.

6. Where the state is exercising the power to impose a license or privilege tax its field is a broad one, and the judiciary cannot interfere unless there is a purpose to prohibit or unreasonably interfere with a business not in itself injurious to the public health or morals.

7. It was competent for the legislature to make classifications in this case, and in order to permit practical administration of the law the classes were necessarily made broad and few in number, but nowhere in the act is there any evident purpose to destroy or unreasonably hamper any one class.

8. Sec. 5 of said ch. 320 is not invalid because it requires a re-registration of certain specified classes of motor vehicles, on the ground that there was a violation of the obligation of contracts in the case of owners who had licenses for the year 1923, as the imposition of a license privilege or revenue tax on property does not involve a contractual relation, and the state may at any time withdraw the offered privilege, giving credit for unearned payments, and require a different sum to be paid in the future.

ORIGINAL ACTION brought to test the constitutionality of chapter 320 of the Laws of 1923, in so far as it relates to the regulation of motor vehicles.

On November 2, 1923, the demurrer to the complaint was sustained, and the action was dismissed, with costs.

For the plaintiff there was a brief by *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *Ralph M. Hoyt,* of counsel, all of Milwaukee, and oral argument by *Ralph M. Hoyt.*

For the defendant there was a brief by the *Attorney General, Franklin E. Bump,* assistant attorney general, *Emmert L. Wingert* of Madison, and *Robert M. Rieser,* deputy attorney general, and oral argument by *Mr. Rieser* and *Mr. Bump.*

The following opinion was filed January 15, 1924:

The complaint set out in substance the fees required under the former existing law as follows:

(1) Fee for registration of automobiles................ $10 00
(2) Fee for registration of motorcycles.............      4 00

State ex rel. Transportation Asso. v. Zimmerman, 181 Wis. 552.

(3) Fee for registration of motor trucks, motor delivery
    wagons, and automobile busses to be used wholly
    within a single city or village.................  $10 00
(4) Fee for registration of motor trucks, motor delivery
    wagons, and automobile busses in general:
    Less than 2100 pounds rated capacity............   15 00
    2100 pounds or over and less than 5100 pounds rated
      capacity  ......................................   20 00
    5100 pounds or over rated capacity ..............   25 00
(5) Vehicles registered in other states: if owned by non-
    residents of Wisconsin, wholly exempt from Wis-
    consin registration.

It then alleged that under the new law registration fees
are as follows:

(1) Fees for registration of automobiles:
    Weighing 1600 pounds or less.................  $10 00
    Weighing more than 1600 pounds and less than
      1800 pounds ...........................   11 00
    Weighing 1800 pounds or more and less than 2000
      pounds ...................................   12 00
    Weighing 2000 pounds or more and less than 2400
      pounds ...................................   13 00
    Weighing 2400 pounds or more and less than 2800
      pounds ...................................   14 00
    Weighing 2800 pounds or more and less than 3200
      pounds ...................................   16 00
    Weighing 3200 pounds or more and less than 3600
      pounds ...................................   18 00
    Weighing 3600 pounds or more and less than 4000
      pounds ...................................   20 00
    Weighing 4000 pounds or more and less than 4500
      pounds ...................................   22 00
    Weighing 4500 pounds or more and less than 5000
      pounds ...................................   24 00
    Weighing 5000 pounds or more...............   26 00
      The above rates subject to 25 % reduction if
    automobile has been operated during five or more
    calendar years preceding the year of registration,
    provided such reduction does not reduce the fee, if
    paid prior to July 1, below $10.
(2) Fees for registration of motorcycles, each..........    5 00
    With side-cars, each .........................    8 00
(3) Fees for registration of motor trucks and motor de-
    livery wagons:
    Having a gross weight of 1½ tons or less........   10 00
    Having a gross weight over 1½ tons and less than
      2¼ tons ....................................   15 00

State ex rel. Transportation Asso. v. Zimmerman, 181 Wis. 552.

Having a gross weight of 2¼ tons or more and less
    than 3 tons ................................. $20 00
Having a gross weight of 3 tons or more and less
    than 4 tons ................................. 30 00
Having a gross weight of 4 tons or more and less
    than 5 tons ................................. 45 00
Having a gross weight of 5 tons or more, $45, plus
    $5 for each ¼ ton or fraction thereof in excess of
    5 tons.
    Gross weight determined by adding (a) weight of
vehicle when equipped to carry a load and (b) adver-
tised maximum load-carrying capacity of vehicle.
(4) Fees for registration of trailers and semi-trailers
    to be hauled by a motor vehicle:
    Having a gross weight 1½ tons or less, no fee required
    Having a gross weight of over 1½ tons, one half of
        the fee required for motor trucks of the same gross
        weight.
(5) Fees for registration of tractors operated upon public
    highways:
    For the hauling of trailers or other equipment for
        strictly agricultural purposes no registration re-
        quired: in all other cases same fee as for motor
        truck of same weight.
(6) Fees for registration of passenger-carrying auto-
    mobiles, motor busses, and other motor vehicles
    having passenger-carrying capacity of more than
    five persons, customarily engaged in carrying pas-
    sengers for hire:
Having a gross weight of 1½ tons or less.......... 30 00
Having a gross weight over 1½ tons and less than
    2¼ tons .................................... 45 00
Having a gross weight of 2¼ tons or more and less
    than 3 tons ................................. 80 00
Having a gross weight of 3 tons or more and less
    than 4 tons ................................. 90 00
Having a gross weight of 4 tons or more and less
    than 5 tons ................................. 135 00
Having a gross weight of 5 tons or more......... 135 00
   Plus $15 for each ¼ ton or fraction thereof in
    excess of five tons.
    Gross weight determined by adding (a) weight of
    vehicle when equipped ready to carry passengers
    and (b) passenger weight capacity consisting of
    150 pounds for each 20 inches of seating space, in-
    cluding driver's seat.
(7) All the foregoing fees are subject to 25 % reduction
    if paid between July 1st and August 31st in any year
    and to 50 % reduction if paid on or after Septem-
    ber 1st in any year.

(8)  Vehicles registered in other states:
    Automobiles in general: wholly exempt from Wisconsin registration.
    Motor trucks, motor delivery wagons, taxis, motor busses, and other motor vehicles carrying goods or passengers for hire, exempt for ten days after entry into Wisconsin.

The complaint charged that such fees were so discriminatory and arbitrary as to render the whole law unconstitutional.

For a second cause of action the complaint alleged the unconstitutionality of sec. 5 of the act, which reads as follows:

"The fees for registration specified in paragraphs (c), (d), (e) and (f) of subsection (4) of section 85.04, shall be effective on July 1, 1923, and all vehicles specified in said paragraphs shall be registered in accordance with the provisions of said paragraphs before they may operate over the public highways of Wisconsin on or after said date. The registration fee during the period commencing July 1, 1923, and ending August 31, 1923, shall be seventy-five per centum, and during the period commencing September 1, 1923, and ending December 31, 1923, shall be fifty per centum of the registration fees specified in said paragraphs. In case any vehicle described in said paragraphs shall have been previously registered in 1923, the same shall be re-registered. Upon the receipt of the number plates and registration card heretofore issued in 1923 for such vehicle, the secretary of state shall issue a new set of plates and a new registration card upon the payment of a fee equal to the proper fee for said vehicle as determined under the provisions of this section minus the amount previously paid for the registration of said vehicle in 1923. Provided that no vehicle shall be re-registered for less than ten dollars under the provisions of this section."

The defendant demurred to each cause of action stated in the complaint on the ground that the same did not constitute a cause of action.

VINJE, C. J.  The constitutionality of the statute is challenged on two grounds: first, because the statute as a whole

makes unjust and arbitrary discrimination in the rate charged between owners of motor vehicles for the privilege of using the highways of the state; and second, because the re-registration provision contained in sec. 5 and applying only to the vehicles described in par. (c), (d), (e), and (f) of sub. (4) of sec. 85.04 is unconstitutional in that it violates contract obligations and unjustly discriminates between such vehicles and automobiles.

The relator admits the authority of the state to regulate the use of motor vehicles upon its highways both under the police power and under the power of taxation as a revenue-producing measure, and that such police regulation and taxation purpose may be combined in a single enactment. It also admits that the weight basis for determining the fees to be paid is a proper one, and that the taxation levied upon the privilege of using the state's highways is not subject to the uniformity clause contained in sec. 1 of art. VIII of the constitution. But the claim is made that the law in question "is so honeycombed with discriminations, exceptions, exemptions, and concessions as to result in a gross violation of the ordinary rules of equality and fairness as between persons similarly situated." As a sample showing unjust and arbitrary discriminations in truck and bus fees, the relator prints a table showing the fees per truck and bus of vehicles from 4,000 pounds each to 14,000 pounds each. The table contains a list of twenty-one vehicles arranged in the order of weight. From such table it appears that for trucks the lowest amount per 100 pounds is $.36 for a truck weighing 5,500 pounds. The highest amount of truck fees per 100 pounds is $.61, being the fee for a truck weighing 14,000 pounds. The fees per 100 pounds for busses range from $1.09 to $1.82. The lowest bus fee per 100 pounds is for a bus weighing 3,500 pounds, and the highest bus fee per 100 pounds is for a bus weighing 14,000 pounds. It is obvious that where the basis of charge is the weight of the vehicle and classes are made containing a number of vehicles of different weights, there will be a

difference in the charge per 100 pounds that each vehicle pays. To avoid such differences or discriminations a uniform tax of so much per pound for each vehicle would have to be adopted. For reasons of administration such a method is practically impossible. The state could not administer a law effectively and economically that contained as many classes as there are vehicles of different weights. Each license must for police purposes contain a letter or figure showing to which class the vehicle belongs, in order that the police officers of the state may by inspection of the license on the car be able to determine whether or not its owner has paid the proper amount of license fees, or, in other words, that it belongs to the class which the license designates. Under the law challenged there are five classes of automobile licenses and six classes of truck and bus licenses, and some of these classes provide for two or three different fees, depending upon the weight of the vehicle. It is also apparent that where classification is made on weight there will be considerable of a discrepancy between the lowest amount per 100 pounds paid by a vehicle of a certain weight in one class and vehicles of another weight in another class. If we separate the twenty-one vehicles shown in the relator's table into three groups arranged in the order of weight, we find that the average tax per 100 pounds of the seven trucks in the first group is about $.42 per 100 pounds; that of the second group about $.48 per 100 pounds; and that of the third group about $.55 per 100 pounds. If we do the same with the bus classification we find that the average fee per 100 pounds for the first seven is about $1.27, that of the second group $1.43, and that of the third group $1.64. We therefore find that in the main there is a marked and substantially uniform increase in the fee per 100 pounds as the weight increases. Such increase was made, no doubt, on account of the increased wear per 100 pounds to which a heavy vehicle subjects the highway. Tables are also presented showing the truck and bus fees per 100 pounds

gross weight at points where the rates change. Such truck fees vary from $.50 per 100 pounds to $.56 per 100 pounds, and the bus fees from $1.33 per 100 pounds to $1.69 per 100 pounds. A like table is given showing automobile fees per 100 pounds gross weight at points where rates change. Such fees vary from $.52 per 100 pounds to $.687 per 100 pounds. The necessity for such apparent discriminations inheres in the necessity for classification, as already explained.

It is also urged that the statute is grossly discriminatory between busses and ordinary automobiles and motor trucks, and examples are given showing that the owner of a seven-passenger 3,500-pound Hudson touring car for private purposes pays $18, while the owner of a similar Hudson car using it to carry passengers for hire pays $60. In the one case the state imposes a tax upon the use of a vehicle for private purposes, chiefly that of pleasure and recreation; while in the other it taxes an occupation, that of a public carrier.

Sec. 1, art. VIII, of our constitution provides, "Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided." The taxing of the automobile used for strictly private purposes is a tax upon the privilege of using the highways of the state, while the tax upon the owner of a motor car used for hire may be considered not only a tax upon the privilege of using the highways, but also a tax upon the occupation of one so engaged. Such busses are public carriers and compete with interurban and steam railways. They use the public highways of the state instead of privately-owned rights of way and tracks. The legislature no doubt considered, therefore, that in fairness to the public carriers with which they compete and in view of the wear they occasion the highways by their heavy loads and great speed, it was no more than fair to subject them to the specified tax.

It is also urged that the exemption of tractors hauling agricultural equipment is class legislation. In the case of all the other motor vehicles coming under the license law, their use is principally one upon the public highways of the state. Their use elsewhere is incidental merely. In the case of tractors used only for "strictly agricultural purposes," their use upon the highways is merely incidental to the main purpose for which they are used. They are operated upon farms, not upon highways. It may become necessary at times to transfer them from one farm to another, or from part of a farm to another, and to use the highways in such transfers. But that is incidental merely, and it was within the legislature's power under our constitutional provisions to make exceptions in their favor for such incidental use. *Dohs v. Holm,* 152 Minn. 529, 189 N. W. 418.

The exemption of trailers of one and one-half tons gross weight or less is justified by the fact that they usually run in connection with automobiles or other motor vehicles and impose but a slight burden upon the highways.

It was further urged that the provision for the reduction of the fees upon automobiles more than five years old is discriminatory both as against automobiles of a light weight and as against commercial vehicles, in which case no reduction is made on account of age; and also because such reduction applies only to the heavier and more expensive automobiles, since in any event no less than a $10 fee can be charged. Many economic reasons no doubt suggested themselves to the legislature for the making of such an exemption. It is not necessary for a court in passing upon the validity of such exemptions to resort to economic reasons. It is sufficient to say that as long as there is an equality between members of each class in a lawfully classified tax measure, neither the state nor the federal constitutions are invaded. There need not be equality between different classes unless the inequality is so great that it evinces a purpose to destroy or unreasonably hamper one class as

against the other. That cannot be said as to the exemptions mentioned. The same answer can be made to the claim that the exemption of automobiles registered in other states creates gross discriminations against motor trucks. Motor trucks and automobiles are in a different class and they need not be treated alike for license, revenue, or privilege-tax purposes.

We have gone into the claims made by the relator somewhat in detail in order to show the nature of the attack made upon the law. The judicial answer to all of them is that the legislature has not exceeded the limits of its power.

Where a state is exercising the power to impose a license or privilege tax its field is a broad one, and the judiciary cannot interfere with the exercise of such power unless it shows a purpose to prohibit or unreasonably interfere with a business which is not in itself injurious to the public health or morals. 17 Ruling Case Law, 509. It exercises such powers in the field of license, privilege, occupational, and revenue measures operating upon persons or property where the rule of uniformity of taxation does not obtain, and where the judiciary can interfere only in case it is apparent that the measure attacked seeks to destroy or unreasonably hamper a legitimate business or occupation. In this case it was not only competent for it to make classifications, but for reasons already stated, in order to permit of a practical administration of the license law, it was necessary for it to classify and to make the classes broad and few in number. Nowhere in the law can the court say that there is any evident purpose to destroy or unreasonably hamper any one class, and the economic and other grounds upon which the state justifies each classification will not be set forth in detail. It is not necessary in a measure of this kind that it should be the most just or scientifically exact measure, nor is it necessary that each provision of the measure should be justified in whole or in part by economic or other reasons. The whole field is one of legislative discretion,

and its boundaries, as before stated, are not exceeded unless a purpose to destroy or unreasonably interfere with a legitimate business is apparent. We find no such purpose in the law attacked.

It is argued that sec. 5 of ch. 320 is invalid because on July 1, 1923, it required a re-registration of the vehicles specified in par. (c), (d), (e), and (f) of sub. (4) of sec. 85.04. This argument is based upon the claim that it violates the obligation of contracts; that where a license was issued at the beginning of 1923, the state in effect entered into a contract with the person to whom the license was issued; that it was effective for the whole of the year 1923. The law seems to be otherwise. As to a privilege, *quasi*-revenue, or police measure the state does not enter into a contractual relation with the person upon whom the tax is imposed. It may recall such privilege at any time it sees fit and impose new and additional burdens to begin at a specified time. In this measure those who had paid a tax at the beginning of the year and who were required to re-register their vehicles were allowed a credit for the unused portion of the license, which credit was applied to reduce the fees for re-registration, and such fee was one for the balance of the year only. Among cases holding that the imposition of a tax such as we have before us creates no contract relation are the following: *Patton v. Brady,* 184 U. S. 608, 22 Sup. Ct. 493; *Home Ins. Co. v. City Council,* 93 U. S. 116; *Ruggles v. State,* 120 Md. 553, 561, 87 Atl. 1080; *Mayor v. Crawford,* 75 Ga. 35. The reason for the rule that the imposition of a license privilege or revenue tax on property does not involve a contractual relation is that there need be no assent or agreement on the part of the person or property upon whom the tax is imposed to pay the tax. The state by virtue of its sovereign power at its own will imposes the tax. It is not required to ask the owner of the property to agree to it. There is, therefore, no element of a contract in its imposition or collection. 1 Cooley, Taxation (3d ed.) 17.

State ex rel. Transportation Asso. v. Zimmerman, 181 Wis. 552.

The relator relies upon *State v. Railway Cos.* 128 Wis. 449, 108 N. W. 594, to sustain its claim that in privilege taxes there is a contractual relation. A careful reading of the case will disclose that the only contractual relation referred to was the implied agreement of the one accepting the proffered privilege to pay the sum at which the state offered it. Nowhere is it asserted or implied in the opinion that the state may not at any time withdraw the offered privilege, giving credit for unearned payments, and require a different sum to be paid in future for the privilege. The state in exercising its taxing power does not enter into a contractual relation with its taxpayers that the taxes for a certain period shall not exceed a certain sum. It may impose additional taxes whenever necessary to carry on its functions provided it does not exceed its constitutional limits.

The claim of the relator that by requiring only commercial vehicles and not automobiles to re-register, an arbitrary discrimination is made in favor of automobiles and in favor of heavy trucks as against light trucks, is answered previously herein where similar discriminations have received consideration.

*By the Court.*—The demurrer to the complaint is sustained and the action is dismissed with costs.