THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWIN KATZ, Defendant.

Court of Special Sessions, City of New York, Part III, Queens County, March 31, 1931.

*James T. Hallinan, District Attorney* [*John W. McClancy, Assistant District Attorney*, and *John H. W. Krogman, Assistant District Attorney*, assistant on brief], for the plaintiff.

*Cuthell, Hotchkiss & Mills* [*William Cornell Fleming*, of counsel], for the defendant.

FRESCHI, J. Defendant's demurrer to the information here involves a consideration of the constitutionality of section 245, subdivision 7, of the General Business Law of the State of New York under which this prosecution was instituted. Attack on that ground is also made upon certain air traffic rules promulgated thereunder as to the flying height over congested and other areas

within the boundaries of New York State, which shall not be less than 1,000 feet, except at a height to permit reasonably safe emergency landing.

The nature and place of the flight are important factors in determining the character of the aviation and commerce in every case. The act of flying by the defendant of which complaint has been made herein was wholly within the State of New York and it nowhere appears that he was engaged in any sense in commerce, either intrastate or interstate, nor that he was a carrier of persons or property incident to interstate commerce.

Article I, section 8, of the United States Constitution is known as the commerce clause which fully empowers Congress to regulate commerce among the several States. This power is exclusive as to commercial intercourse between two or more States. Commerce embraces, as we know, transportation of persons or property by land, water or by air travel, and extends to all instrumentalities and every device that might be so employed. But that which is completely internal and confined to a single State, and does not affect or extend to other States, is not open to constitutional objection. New York has the power within reason and the scope of its recognized police power to regulate in the public interest certain matters concerning aviation and other incidental matters pertaining thereto; and until it is affirmatively shown that the statute and rules here challenged are a burden upon or an interference with interstate commerce or its elements, as it has been defined by the courts, it must be upheld as constitutional. We must construe the statute, if possible, so as to sustain its constitutionality ( *United States* v. *La Franca*, **282** U. S. **568**; 51 Sup. Ct. Rep. 278); and as has been held in *O'Gorman & Young* v. *Hartford F. I. Co.* (282 U. S. 251; 51 Sup. Ct. Rep. 130) the presumption of constitutionality must prevail, in the absence of some factual foundation of record for overthrowing a statute.

The States have never surrendered their power reasonably to protect the public safety. The State law here neither obstructs, interferes with nor discriminates against interstate commerce or any Federal right. The test as to what is interstate commerce is stated in *Furst* v. *Brewster* (282 U. S. **493**; 51 Sup. Ct. Rep. 295, at p. 296); and the extent to which a State may go in making rules for the protection of the persons and property of its citizens and the preservation of its public highways, even though interstate commerce is affected, may be found in a very carefully prepared and able article by Mr. MacAsbill, published in the American Bar Association Journal (Vol. XVII, No. 2, Feb. 1931, at p. 87, and cases there cited). (See, also, *Frost Trucking Co.* v. *R. R. Comm.*,

271 U. S. 583.) We cannot be unmindful of the needs in and differences between different localities, such as the height of buildings, etc. (*Pierce* v. *New Hampshire* [License cases], 5 How. 554, 578.)

In our opinion the statute under consideration does not contravene the commerce clause of the Federal Constitution.

Demurrer overruled and the defendant is hereby permitted to plead *de novo*, at his election, and, if he does not plead, judgment will be pronounced against him, the charge here being a misdemeanor, as provided in section 330 of the Code of Criminal Procedure.

! All concur; present, FRESCHI, HEALY and SALMON, JJ.