908

**BRASHEAR FREIGHT LINES, Inc., et al.
v. HUGHES, Secretary of State of
Illinois, et al.**

No. 2273.

District Court, S. D. Illinois, S. D.
Nov. 12, 1938.

Kenneth Teasdale, of St. Louis, Mo., and Lee W. Ensel, of Springfield, Ill., for plaintiffs.

Otto Kerner, Atty. Gen. of Illinois, and Jerome F. Dixon, Asst. Atty. Gen. of Illinois, for defendants.

ADAIR, District Judge.

The court makes the following conclusions of law:

 (1) The provisions of Section 9 of An Act of the General Assembly of Illinois entitled, "An Act in relation to motor vehicles and to repeal a certain act therein named," approved June 30, 1919, as amended by an Act of the General Assembly approved July 10, 1937. Section 9, Ch. 95½, Ill.State Bar Asso.Stat.1937, are fair and reasonable. The enforcement of said statute does not in any way violate the Commerce Clause or any of the provisions of the Fourteenth Amendment of the Constitution of the United States.

(2) The provisions of Section 20 of the said Act referred to in paragraph (1) hereof (Section 22, Ch. 95½, Ill.Bar Asso. Stat.1937), as amended by Act approved July 9, 1935, are fair and reasonable. The enforcement of said statute does not in any way violate the Commerce Clause, art. 1, § 8, cl. 3, or any of the provisions of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.

(3) Sections 9c and 9d of said Act of the General Assembly referred to in paragraphs (1) and (2) hereof, Sections 10b and 10c, Ch. 95½, Ill.Bar Asso.Stat. 1937, have not been superseded by an Act of the Congress of the United States entitled, "Motor Carrier Act, 1935." 49 U.S.C.A. §§ 301–327. Said sections are fair and reasonable and their enforcement against one engaged in either intrastate or interstate commerce does not in any way violate the Commerce Clause or any of the provisions of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.

(4) Sections 55a, 55b, 55c, and 55d of An Act of the General Assembly of Illinois entitled, "An Act concerning public utilities," approved June 29, 1921, Sections 57, 58, 59 and 59a. Ch. 111⅔, Ill.State Bar Asso.Stat.1937, as now in force have not been superseded by an Act of Congress entitled, "Motor Carrier Act, 1935". Said sections are fair and reasonable and their enforcement does not in any way violate the Commerce Clause or any of the provisions of the Fourteenth Amendment to the Constitution of the United States.

(5) The plaintiffs are not entitled to the relief prayed in said bill of complaint or any relief under the issues created by the bill and answer. The defendants are entitled to the entry of a final decree at this time dismissing the plaintiff's bill of complaint for want of equity at the plaintiffs' costs.

(6) Some of the plaintiffs are non-residents of Illinois and the defendants are residents of Illinois. More than $3,000 is fairly involved in the controversy and the issues involve certain statutes of the State of Illinois tested by the Constitution of the United States. Because of the premises this court has jurisdiction of the subject matter and of the parties.