STATE, Respondent, vs. AULIK, Appellant.

*October 11, 1940—January 7, 1941.*

*Julius E. Guenthner* of Antigo, for the appellant.

For the respondent there were briefs by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

The following opinion was filed November 8, 1940:

Wickhem, J.   The offense with which defendant was charged was that of unlawfully operating and causing to be operated on the highways of this state a motor vehicle without first having paid to the public service commission of Wisconsin the tax upon its operation provided by secs. 194.48 and 194.49, Stats.   The facts are that on September 13, 1939, defendant was found operating a truck of the Trade-Well Company, of which he was an employee or agent, the gross weight of which was thirteen thousand nine hundred ninety-nine pounds.   At that time the truck was loaded with plaster and roofing materials from the W. E. Stowell Company of Green Bay.   Defendant drove the truck to the city of Antigo, where he made several deliveries, and thereafter took a part of his load to the town of White Lake.

It is clear that no tax had been paid as required by sec. 194.48, Stats., and that defendant was not within the exemptions from this tax prescribed by sec. 194.47.   Sec. 194.48 prescribes a weight tax on motor carriers.   Sub. (1) of sec. 194.48 prescribes that no motor carrier shall operate on the highways of the state a motor vehicle except those exempted by sec. 194.47 without having paid the tax on its operation provided for by sec. 194.48 or 194.49.   Sub. (2) provides that the tax shall be a quarterly tax covering three months' operations.   Sub. (3) prescribes that the rate of tax for each quarter for passenger vehicles shall be $7.50 for each ton or fraction of gross weight.   Sub. (4) provides that the rate of tax for each quarter for vehicles carrying freight shall vary according to the gross weight of the vehicle.   For example, vehicles having a gross weight of less than four thousand five hundred pounds are

assessed $5 per quarter; those having a gross weight of twenty-eight thousand pounds or more, $105, plus $7.50 for each ton or fraction thereof of gross weight in excess of fourteen. Sec. 194.49 provides for a mileage tax on the operation of motor carriers to be paid at the election of the carrier in lieu of the weight tax provided in sec. 194.48. Its provisions are not involved in this prosecution.

Defendant asserts that the act of the legislature under which defendant was found guilty is unconstitutional, but the grounds of this contention are not clearly set forth. So far as we can determine, defendant attacks as discriminatory certain exemptions in sec. 194.47, Stats., from the taxes provided by secs. 194.48 and 194.49. These are, (1) operation of motor vehicles which have a gross weight of less than eight thousand pounds and which are not operated in conjunction with other vehicles as a unit having an aggregate combined gross weight of eight thousand pounds or more; (2) operations of motor vehicles which, except for operation under special permit issued under sec. 194.49 and other tax-exempt provisions of sec. 194.47, are engaged exclusively in transportation entirely within one municipality and municipalities contiguous thereto; (3) operations of motor vehicles used for the transportation of passengers which take place entirely within contiguous incorporated cities or villages and in municipalities contiguous to that in which the motor carrier has its principal place of business; (4) (sub. (5)) operations of vehicles engaged exclusively in transportation of fluid milk or cream, livestock or cheese; butter, dairy products, or unmanufactured agricultural or forest products, or manufactured or burned clay products immediately and directly from point of production, or transportation to farms of materials, supplies, or equipment for use thereon, and the transportation by private motor carriers of farm machinery and parts of farm machinery.

We consider that defendant's objections are completely answered by *Wis. Truck Owners Asso. v. Public Service*

*Comm.* 207 Wis. 664, 242 N. W. 668, and *State ex rel. Transportation Asso. v. Zimmerman,* 181 Wis. 552, 196 N. W. 848. These cases fully discuss and dispose of every objection made by defendant to this law. The validity of a distinction between passenger and freight vehicles is there discussed, as is the right of the legislature to classify and exempt according to weight, and the exemption for vehicles carrying agricultural products.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on January 7, 1941.