Donald P. Gorman, J.
This is a motion for judgment on the pleadings made by the defendants, the State Tax Commissioners and the Commissioner of Motor Vehicles. The plaintiff makes a cross motion for summary judgment.
The amended complaint seeks judgment declaring the invalidity, on constitutional grounds, of subdivision 7 of section 11 (schedule D, pars. 2, 3) of the Vehicle and Traffic Law, which provides for the registration fees required for station wagons, and of subdivision 5 of section 11 of the Vehicle and Traffic Law, which relates to the times for registration and re-registration of motor vehicles. The action is for a declaratory judgment. The material allegations of the amended complaint are not controverted and there is no real question of fact in issue. The *1076 questions of law joined by the motions are (1) whether the Legislature had power to enact, and (2) whether the classification adopted lacks a rational basis.
The amended complaint, stripped of its excess verbiage, pleads the conclusion that plaintiff’s station wagon is a private passenger motor vehicle bought and used for such purposes. It further pleads that plaintiff applied for renewal of registration on this 3,417-pound vehicle and tendered therewith the sum of $17 as provided by the rate set forth in subdivision 6 of section 11 of the Vehicle and Traffic Law; that the Commissioner of Motor Vehicles rejected the application and informed plaintiff that the fee for renewal would be $25.50; that plaintiff resubmitted his application and paid under protest the fee of $25.50; that subdivision 7 of section 11 (schedule D, pars. 2, 3) in prescribing a higher rate for station wagons than for private passenger vehicles, and subdivision 5 of section 11 in providing a shorter period of time for registering and re-registering station wagons unfairly and arbitrarily discriminate against plaintiff and are unconstitutional and void.
Subdivision 6 of section 11 (par. a) of the Vehicle and Traffic Law, in part, provides: “ 6. Registration fees. a. The following fees shall be paid to the commissioner, or agent, upon the registration or re-registration of a motor vehicle in accordance with the provisions of this article: If such motor vehicle, fully equipped, weighs thirty-five hundred pounds or less, fifty cents for each one hundred pounds, or major fraction thereof; if such motor vehicle, fully equipped, weighs more than thirty-five hundred pounds, fifty cents for each one hundred pounds up to thirty-five hundred pounds, and seventy-five cents for each hundred pounds, or major fraction thereof, in excess of thirty-five hundred pounds; provided, however, that the total fees for the registration or re-registration of any passenger motor vehicle propelled by electricity shall be ten dollars, of a six, eight, or twelve cylinder motor vehicle not less than ten dollars, and of any other motor vehicle not less than eight dollars; * * * and provided further that for motor vehicles described in subdivision seven of this section, the fee for such registration shall be as therein prescribed.”
Subdivision 7 of section 11 (schedule D, pars. 2, 3) provide the registration fees for station wagons as follows:
“ 2. For each suburban the annual fee of seventy-five cents for each one hundred pounds, or major fraction thereof, of unladen weight.
“ 3. For the purposes of this schedule a 1 suburban ’ shall be a motor vehicle with a convertible or interchangeable body or *1077 Avitli removable seats, usable for both passenger and delivery purposes, and including motor vehicles, commonly known as station or depot wagons ’ ’.
Subdivision 5 of section 11 of the Vehicle and Traffic Law provides: “5. Times for registration and re-registration. Registration applied for and certificates issued on such application shall expire on the thirty-first day of December. Registration shall be renewed annually in the same manner and upon payment of the same annual fee as provided in this section for registration, to take effect on the first day of January in each year; and the certificates of registration issued thereunder shall expire on the succeeding thirty-first day of December. Provided, however, that the commissioner shall have authority to fix the length of time for which any motor vehicle which is registered Avithout fee shall be registered. Provided further, however, that in order to give ample opportunity for renewing registration, the registration of a passenger motor vehicle, in effect on the last day of December, may be used during the month of January following for the operation of the vehicle for Avhieh it was issued; and, in any year in which the last day of January falls on Saturday or Sunday, such registration may be used for such operation until midnight of the following Monday. Any other registration, except an omnibus registration, in effect on the last day of December, may be used during the first fifteen days of the month of January following for the operation of the vehicle for which it was issued; and in any year in which the fifteenth day of January falls on Saturday or Sunday, such registration may be used for such operation until midnight of the following Monday. Provided further, however, that renewal of an omnibus registration may be used during the three day period immediately preceding the first day of January of each year. ’ ’
For some years prior to 1927, the type of registration required for a station wagon (suburban) depended solely upon the purposes for which the vehicle was used. By chapter 461 of the Laws of 1927, that part of the then Highway Law, the precursor to section 11 of the Vehicle and Traffic Law, was amended to provide for a completely different fee system for registration of this particular vehicle. Instead of basing the amount of registration fees on a “ use ’ ’ basis, the Legislature then changed the statute to provide for fees on a “ type ” basis. In other words, this type of vehicle, usable both for carrying passengers and for delivery purposes, was treated differently from the ordinary passenger motor vehicle insofar as registration fee purposes were concerned.
*1078 Chapter 668 of the Laws of 1951 changed the then existing schedule of fees for a station wagon and predicated such fees upon a “ maximum gross weight ” basis. This system was short lived, however, for in the following year, the present statute (L. 1952, ch. 636) employing an ‘ ‘ unladen weight” basis was enacted.
Statutes providing for license taxes or fees, which are not inherently oppressive or based upon unreasonable classifications, are not offensive as denying equal protection of the laws. (Mid-States Frgt. Lines v. Bates, 279 App. Div. 451, affd. 304 N. Y. 700, motion for reargument denied 304 N. Y. 788, cert, denied 345 U. S. 908; Aero Tr. Co. v. Commissioners, 332 U. S. 495; Storaasli v. Minnesota, 283 U. S. 57.) It is beyond question that the Legislature may divide a fee system into a graduated scale according to the propensities of the various vehicles to harm the highways. (Carley & Hamilton v. Snook, 281 U. S. 66; Carter v. State Tax Comm., 98 Utah 96.) Generally speaking, the modern fee statutes are revenue measures based upon compensatory concepts. But the police power and the taxing power may be exercised jointly unless specially proscribed or patently disproportionate. (People v. Faxlanger, 1 A D 2d 92, affd. 1 N Y 2d 393.) A fee which is a revenue measure may be varied according to the seating and carrying capacity. (Mark v. District of Columbia, 37 D. C. App. 563; Ann. 5 A. L. R. 759, 762.) Nor can it be doubted that, for these purposes, motor vehicles may be classified according to size, weight, use, horsepower, type and the like. (Carley & Hamilton v. Snook, supra; Hendrick v. Maryland, 235 U. S. 610; Brashear Frgt. Lines v. Hughes, 26 F. Supp. 908; State ex rel. Transp. Assn. of Wis. v. Zimmerman, 181 Wis. 552; Westfalls Storage Van & Express Co. v. Chicago, 280 Ill. 318; Graves v. Janes, 2 Ohio App. 383; 16A C. J. S., Constitutional Law, § 529, p. 432.)
Petitioner concedes that there is a presumption in favor of the constitutional validity of statutes. He concedes further that, with respect to classification, identity of treatment is not required. These basic legal concepts are well settled. It is apparent that since 1927 the Legislature has considered a suburban to be something separate and apart from a passenger motor vehicle. There is a substantial distinction, clearly cognizable, between them. These vehicles are capable of a special and extraordinary use, reasonably connected with highway conservation and safety. (See Cave v. District of Columbia, 90 F. 2d 383; Hodge Co. v. Cincinnati, 284 U. S. 335.) The plaintiff’s assertion that he and many other owners in actual practice are charged a premium for their privilege may be conceded *1079 without destruction to the State’s position. Knowing the statute, each has purchased the opportunity of special or dual use if circumstances warrant, or resale if later contemplated.
Property affected with a public interest may be controlled simply as an aid to the effective control of other property So situated. The choice of measures to cope with any apparent injustice is for the Legislature.
One may purchase a hand gun capable of discharge for many reasons, but the collector and the user for license purposes are treated alike. So is it with many privileges where reasonable norms and standards are related to the public interest. A horse may be used for profit or pleasure. While a tax upon a particular horse or horses of a particular man would invade a constitutional right, still a tax upon all horses or on race horses alone would be within the legislative power. (People ex rel. Hatch v. Reardon, 184 N. Y. 431.) It is thought that there is a very real distinction in class, particularly in the latter category, despite the seeming similarity. Complete equality of taxation is an unrealized ideal. It is sufficient if it be uniform in its application, salutary and upon the same class. Here there is manifest design toward an approximation of symmetry. (See People v. Friedman, 302 N. Y. 75; Farrington v. Pinckney, 1 N Y 2d 74.) The distinction in the statute which seems initially a matter of identification is logically based upon conservation and safety.
The allegations that the statutory premium upon suburbans is unreasonable, confiscatory and discriminatory are without merit. Similarly, there is apparent no violation of equal protection. The Fourteenth Amendment does not preclude distinction in treatment of different categories. The only limitation imposed by the amendment is that the classification be neither arbitrary nor fanciful. No such demonstration appears on the face of the statute. Instead, the exception would tend to balance the extension of an application which might itself be considered to be unreasonable with respect to the actual and potential use.
Subdivision 5 of section 11 of the Vehicle and Traffic Law was last amended by chapter 91 of the Laws of 1954. Both the prior law and the present law prescribe that registrations on all motor vehicles shall expire on December 31 of each year. Prior to the enactment of chapter 91 aforesaid, there existed a period of grace which permitted the use of all registrations (except omnibus registrations) during the month of January following the expiration date. Chapter 91 altered the law relating to the period of grace by shortening the period to the January 15 following the expiration date, except that passenger motor *1080 vehicle registration may still be used during all of the following J anuary.
The reasons for the 1954 amendment are fully set forth in the memorandum of the Bureau of Motor Vehicles accompanying the bill (1954 N. Y. State Legis. Annual, p. 265). The soundness and reasonableness of this change would seem to be apparent. The Legislature may ameliorate an existing abuse albeit overlook another. The assessment of conflicting considerations is exclusively its province.
Courts of first instance are not required to adopt the counsel of perfection nor should they invalidate a statute unless life or liberty is involved or its defects are apparent. More is required than is present here to overcome the burden imposed upon an assailant to establish the unconstitutionality of a statute.
Accordingly, defendants’ motion for judgment on the pleadings is granted. The cross motion is denied.
Settle order.