Fred J. Munder, J.
In this action the plaintiff seeks a judgment declaring the Zoning Ordinance of the Village of Lindenhurst to be unconstitutional and void, as arbitrary, capricious, unreasonable and confiscatory in its application to a single plot owned by the plaintiff.
The subject property consists of two lots, each 25 feet by 100 feet, located on the westerly side of Travis Street. Abutting *762 this 50-foot plot on the south is a plot 100 feet by 100 feet which plaintiff has owned for many years and on which plaintiff has conducted a garage and automobile body and fender repair shop as a nonconforming use. The block in which these plots are located, which is known as Block 5 on Sheet 6, Map of Well-wood, Map No. 155, is about 1,000 feet long and 200 feet wide. The block is bounded on the east by Travis Street, on the north by South Hoffman Avenue, on the west by High Street and on the south by East Grates Avenue. Half of the lots in that block front on Travis Street and the remaining half front on High Street. The entire block is zoned Residence “ C ” with the exception of the northerly 100 feet fronting on South Hoffman Avenue which is zoned for business.
The block on the easterly side of Travis Street, directly across from the block in which the subject property is located, is zoned industrial except for the most southerly 100 feet, facing East Grates Avenue, which is zoned Residence “ C ”. On this block is located a substantial button factory. Besides the button factory, as shown on one of the aerial photogTaphs introduced in evidence by the plaintiff, there are three or four residence buildings existing in that portion of the block zoned for industry.
The next four and one-half blocks to the east are similarly zoned industrial except for the southerly 100 feet of each which is zoned Residence “ C ”.
To the west of Block 5 is a block bounded on the east by High Street and on the west by Wellwood Avenue. The lots fronting on High Street are in the Residence “O” zone and those fronting on Wellwood Avenue are zoned for business, as are those fronting on South Hoffman Avenue.
Hoffman Avenue is divided into South Hoffman Avenue and North Hoffman Avenue with the Montauk Branch of the Long Island Rail Road running between the two. A strip 100 feet deep along North Hoffman Avenue, from the rear of the business zone fronting on Wellwood Avenue to a point opposite the easterly end of the industrial zone on South Hoffman Avenue, is zoned industrial. Immediately north of this 100-foot strip the classification is Residence “ C ” just as the industrial area south of South Hoffman Avenue is bordered by the Residence “ O” zone.
Since the enactment of the zoning ordinance on July 21, 1931, no changes have been made in the classification of any of the land bordering the railroad east of Wellwood Avenue, with the exception of two parcels which are fairly remote from and do not affect the subject property. Obviously, the residential use made of the block known as Block 5 coexisted with the *763 industrial uses made of the nearhy land for many years, even before the adoption of the zoning ordinance. So it cannot be said, nor is it here contended, that the classifications originally made were arbitrary or capricious and for that reason the ordinance was invalid when adopted. And there has been no proof that the uses made in either the industrial area or the Eesidence “ C ” area here involved, have considerably changed since the enactment of the ordinance. The photographic exhibits suggest that the converse is true. (Cf. Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 499.)
This court, of course, will judicially notice the extraordinary increase in the population, particularly in the western half of Suffolk County, in the past decade. The Village of Lindenhurst shared in this growth. Perhaps that phenomenon has, as has been demonstrated and officially recognized in many other Long Island communities, so changed, not the actual use of the affected land, but the street traffic and congestion from the increased business and industrial use of the surrounding area that the use of the affected area could more beneficially be business than residential. That, however, is a fairly debatable question and one on which a court may not substitute its judgment for that of the legislative body. (Ulmer Park Realty Co. v. City of New York, 270 App. Div. 1044; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121.)
Furthermore, the burden of proof is on the one who asserts that an ordinance was invalid, because arbitrary or capricious, when enacted or has become confiscatory under changed conditions. The ordinance is presumed to be constitutional. ‘ ‘ While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt * * * [a]nd we must be guided by the familiar principle that ‘ it is only as a last resort ’ that courts strike down legislative enactments on the ground of unconstitutionality.” (Conway, Ch. J., in Wiggins v. Town of Somers, 4 N Y 2d 215, 218-219.)
We observe here, too, that the relief sought by the plaintiff related only to the two lots adjoining the property on which he conducts a body repair shop as a nonconforming use. It cannot be gainsaid that if the subject property is unfit for its Eesidence “ C ” use the continuance of the nonconforming use by plaintiff himself contributed to that condition. He seeks no change of zone for the land on which he maintains the nonconforming use. Nor does he seek to extend his impermanent nonconforming use. Eather he seeks to permanently change the character of the subject property which in its turn would provide a reason to change the zoning classification of the garage property.
*764 Whether all of Block 5 and the easterly half of the next westerly block, sandwiched in as they are between business and industrial zones, should in the light of present conditions be reclassified is the problem of the legislative rather than the judicial arm of government. Whatever may be the legislative judgment on the broad or general plan, it has not been demonstrated to the satisfaction of this court that the subject property is unadapted to the presently permitted use.
In its answer the defendant counterclaims for injunctive relief to prevent the use of the subject property for the parking of automobiles and trucks, whether in connection with the garage business or by customers or tenants of the plaintiff. Unquestionably this is a business use which is prohibited by the zoning ordinance in the residence zone.
The complaint herein will be dismissed and judgment granted in favor of defendant against the plaintiff for the injunctive relief demanded in the answer, together with costs.
This shall constitute the decision of the court pursuant to section 440 of the Civil Practice Act.