■ SALVATORE GULLO, Appellant, v. VILLAGE OF LINDENHURST, Respondent.— In an action for a judgment declaring unconstitutional, as applied to plaintiff's property, the zoning ordinance of the defendant village, and for an injunction against the village, in which the village asserted a counterclaim for an injunction restraining plaintiff from using the property for business purposes, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated March 16, 1959, and entered March 24, 1959, upon the decision of the court, after a nonjury trial, which declared the zoning ordinance to be constitutional and which granted an injunction enjoining plaintiff from using the subject property for business purposes. Judgment affirmed, without costs. No opinion. Nolan, P. J., Christ and Pette, JJ., concur; Ughetta and Kleinfeld, JJ., dissent and vote to reverse the judgment and to grant judgment in favor of plaintiff, with the following memorandum: The zoning ordinance restricts the subject property to residential use. The testimony and exhibits show that it is part of a residential " island " sandwiched between business and industrial districts; that it is directly across the street from a sizeable factory, which has noisy machines running from early morning to late at night; that the factory vents white dust all over the street and across to the side where the subject parcel is located; that the factory comprises not only a group of brick factory buildings but also a tall water tower, a tall brick chimney, and sheds with large, ugly pipes on the outside. The proof further shows that the subject parcel adjoins a garage, gas station and auto repair shop, which is hardly an attractive neighbor for a residence; that another large factory is only a block away; that the Long Island Rail Road tracks are less than a block away; that there are only two very old dwellings on the street on which the subject parcel is located; and that no new dwellings have been built there for over 30 years. In light of these facts, a real estate expert produced by plaintiff testified that a new dwelling built upon the subject parcel, immediately upon completion, would be worth only half of what it would cost to build; that the Veterans' Administration would not approve the site for a residence; that the FHA would not insure a loan for a residence there; that no lending institution would give a building loan or a mortgage for a residence there; and that for these reasons, no one would ever build a residence there. Defendant did not call an expert witness, and this testimony stands uncontradicted. Although the trial court was not required to adopt the expert's opinions, it " could not reject the facts on which [he] based [his] opinions, since those facts were not improbable or in conflict with other evidence" (*Matter of Henry*, 3 N Y 2d 258). In this case, the facts plainly support the expert's opinions concerning the total unusability of the property for a residence. In view of these undisputed facts and the opinion based on them, we believe that plaintiff has clearly established that the zoning ordinance " precludes the use of the property for any purpose for which it is reasonably adapted"; that it is confiscatory as applied to the subject property; and, consequently, that it is unconstitutional as so applied (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221). [16 Misc 2d 761.]