Fbaítk X. Altimabi, J.
Defendant Paul Altman has been charged with violating -a Town of Hempstead ordinance which prohibited seaplanes from taking off or landing upon any portion of the channel system of the Town of Hempstead except in emergency situations. The defendant has admitted landing his aircraft in Reynolds Channel, Town of Hempstead, in violation of section 15 of article II of Ordinance No. 7 on two occasions.
The particular ordinance provides: “.Section 15. No seaplane shall take off or land upon any portion of the channel system of the Town of Hempstead, except in case of .an emergency as defined ,by Section 14, subdivision (c) thereof.”
The court notes that Reynolds ¡Channel is a navigable waterway and is within the territorial limits of the Town of Hemp-stead, taking judicial notice of that fact.
The defendant argues that local governments have been preempted from the right to govern the use of airways and seaplane ways by the laws of the United States and by administrative action of the Federal Aviation Agency. While it is true that a State or other local government is pre-empted, and their statutes and ordinances must fail, where the local authority has legislated in an area of Federal domain, when the scheme of Federal regulation is so pervasive as to make reasonable the inference that 'Congress left no room for the States to supplement it, or the legislation may intrude in a field where the Federal interest is so dominant that the Federal system will be assumed to preclude enforcement of the local law (Rice v. Santa Fe Elevator Corp., 331 U. S. 218), it is equally true that such local legislation survives when its conflict with Federal law is indirect and not wholly repugnant to the Federal statute so that in the end the two are reconciled (United Constr. Workers v. Laburnum Constr. Corp., 347 U. S. 656). The defendant herein has failed to establish that the Federal Government has preempted the States in the particular area where the Town of *6 Hempstead has acted by enacting the ordinance involved in this case. To the contrary the court finds that the ordinance is in harmony with the Federal law on this subject.
The defendant has also urged that the ordinance in question is an unconstitutional burden upon the interstate commerce clause of the United States Constitution. Although the interstate commerce clause (U. S. Const., art. I, § 8, subd. 3) delegates to the Congress the authority to regulate interstate commerce, the States may exercise their police powers within matters of purely local concern by enacting legislation which has an incidental effect upon that commerce so long as the regulation is reasonable and necessary and does not unduly jmrden thé flow of interstate commerce (Edwards v. California, 314 U. S. 160; Huron Portland Cement Co. v. City of Detroit, 362 U. S. 440; Quaker Oats Co. v. City of New York, 295 N. Y. 527). The court is convinced that it was a proper exercise of the 'Town of Hemp-stead’s police power, having in mind the safety of its residents, to prohibit air traffic upon its channels. New York State has acted similarly (see General Business Law, § 248, prohibiting landing and takeoffs from the surface of certain lakes within the State). As a matter of fact New York has enacted extensive legislation relating to aircraft and flight within the State, without successful challenge to its constitutionality. (See General Business Law, art. 14; People v. Katz, 140 Misc. 46.)
Legislation enacted by sister States affecting air commerce has been upheld as constitutional. A Colorado statute prohibiting discrimination in the employment of any person because of race did not impose a constitutionally prohibited burden upon interstate commerce in the hiring of pilots by an interstate air carrier. (See Colorado Anti-Discrimination Comm. v. Continental Air Lines, 372 U. S. 714.) A New Jersey statute providing that an owner of aircraft operated over land or water of the State of New Jersey was absolutely liable for injuries to personal property on land or water beneath, caused by assent, descent or the flight of aircraft unless such injuries were caused in whole or in part by the negligence of the person injured, having but an indirect effect upon interstate commerce was held to be constitutional. (See Prentiss v. National Air Lines, 112 F. Supp. 306.)
It is familiar principle that there is a strong presumption of constitutionality attached to legislative enactments and those who seek to have them declared invalid must demonstrate their invalidity beyond a reasonable doubt. (Fenster v. Leary, 20 N Y 2d 309; Van Berkel v. Power, 16 N Y 2d 37.) Such presumption attaches as strongly to a municipal ordinance as to a *7 State statute. (Gullo v. Village of Lindenhurst, 16 Misc 2d 761, affd. 13 A D 2d 544; Farrall v. Bragalini, 11 Misc 2d 1075, app. dsmd. 4 N Y 2d 430.) The defendant in this ease has not sustained his burden.
Accordingly the defendant is found guilty as charged and shall appear for sentencing at 9:30 a.m. on November 3, 1969.