Bernard Tomson, J.
The defendants in this prosecution are charged with violating section D-ll of article 6 of the Town of Oyster Bay Building Zone Ordinance in that a hedge on the defendants’ rear property line was not being maintained at a height less than six feet.
That particular ordinance provided in part that: “a fence as in this ordinance defined and not exceeding six (6) feet in height may be erected on a rear lot line ’ ’.
It further provided that the provisions of the ordinance were equally applicable to hedges as well as fences. The defendants have moved to dismiss the information on the ground that it was unconstitutional, conceding for the purpose of the motion that the hedge in question was in fact maintained at a height in excess of six feet. The motion is denied.
There is a strong presumption of constitutionality attached to the legislative enactments of the State. (See Fenster v. Leary, 20 N Y 2d 309; Matter of Van Berkel v. Power, 16 N Y 2d 37.) Such presumption attaches as strongly to municipal ordinances including zoning ordinances as to a State statute. (Gullo v. Village of Lindenhurst, 16 Misc 2d 761, affd. 13 A D 2d 544; Farrall v. Bragalini, 11 Misc 2d 1075, app. dsmd. 4 N Y 2d 1030; Koffman v. Town of Vestal, 23 A D 2d 199, affd. 18 N Y 2d 855.) The defendants have failed to negative this presumption.
One of the arguments advanced by the defendants is that the particular zoning ordinance at issue is in enactment of the Town *273 Board motivated solely because of esthetic considerations and hence invalid. Whatever may have been the rule in New York in times past, there appears to be no doubt at the present time that esthetic reasons alone are now recognized as proper. (People v. Stover, 12 N Y 2d 462, app. dsmd. 375 U. S. 42; Matter of Cromwell v. Ferrier, 19 N Y 2d 263.)
The defendants also argue that the ordinance in this case is not a reasonable exercise of police power. In restricting the height of rear property line hedges and fences to six feet, the town was apparently motivated by esthetic considerations which bore “ substantially on the economic, social, and cultural patterns ” of the Town of Oyster Bay, the test defined in the Cromwell case (supra), to measure the governing bodies’ reasons for enacting such an ordinance. While the facts in this case are not as dramatically demonstrative of the need of such an ordinance as those disclosed in the Stover case (supra), it cannot be said that the Town Board’s considerations in enacting the ordinance complained of here were insubstantial.
Nor is it difficult to comprehend that the Town Board may well have been spurred to enact these restrictions for other than esthetic reasons: e.g., the hazards fire fighters might face in attempting to scale a 7- or 8-foot fence on a rear plot line. Certainly the safety of the community is a legitimate concern of the Town Board. (Nectow v. Cambridge, 277 U. S. 183; Dowsey v. Village of Kensington, 257 N. Y. 221.)
The defendants also contend that the Town Board was without power to restrict the size of hedges, arguing specifically that a hedge was not a “structure” within the meaning of section 261 of the Town Law, which section contains the general grant of power of town boards to regulate zoning, planning and the use of land. The defendants correctly assert that in no event can its own enactments constitute the source of authority for the Town Board to act. Here, however, the general authority of the Town Board to regulate the use of land as authorized by section 261 of the Town Law was sufficiently broad to include the regulations at issue, without attempting to resolve whether or not a hedge is a “ structure ”, since the section states, in part, that town boards are: “ empowered by ordinance to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the use of buildings, structures and land for trade, industry, residence or other purposes