[Civ. No. 13775. Second Dist., Div. One. Sept. 25, 1942.]

CONSOLIDATED ROCK PRODUCTS CO. (a Corporation), Appellant, v. JAMES M. CARTER, as Director of Motor Vehicles, etc., et al., Respondents.

Latham & Watkins for Appellant.

Earl Warren, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

DORAN, J.—This is an appeal by plaintiff from a judgment entered following an order sustaining the defendants' demurrer without leave to amend. Leave to amend was not requested.

The action was brought to restrain officers of the Department of Motor Vehicles from seizing and selling nine motor vehicles, referred to by respondents as transit-mix trucks, for delinquent 1942 motor vehicle license fees. The fees in question are those provided for in the Vehicle License Fee Act (Stats. 1935, Chap. 362, p. 1312, as amended; Deering's Gen. Laws, 1939 Supp., Act 5135). The pertinent part of section 2 thereof is as follows: "A license fee is hereby imposed for the privilege of operating in this State any vehicle of a type subject to registration under the Vehicle Code. The annual amount of such license fee shall be a sum equal to one and three-quarters per cent of the actual market value of such vehicle, as determined by the department. The department annually shall compile and publish a list showing the market values as determined by it of each class of vehicles subject to the license fee hereby imposed, such vehicles being classified by make, type and date first sold. In computing the amount of the license fee, the department shall include the actual market value of alterations and additions made to the chassis, engines or bodies of such vehicles."

The action is based on the following facts as alleged in the complaint and admitted by the demurrer. "Plaintiff is engaged in the rock, sand and gravel business in and around Los Angeles county, California; a substantial part of plaintiff's business is the processing and selling of ready mixed concrete; for use in processing and selling ready mixed concrete plaintiff has in its possession, along with other equipment, nine motor trucks upon which are mounted portable cement mixers; the said portable cement mixers contain their

own power unit and are entirely separate from and independent of the said motor trucks and are attached to the said motor trucks by bolts holding the said portable cement mixers to the chassis of the said trucks; the said portable cement mixers can be removed from the chassis quite easily and speedily and without in any way injuring the said portable cement mixers or the said chassis, and, in fact, the said portable cement mixers frequently are removed from the said chassis for repairs and frequently are replaced upon a different chassis; the said portable cement mixers can be placed upon the chassis of any modern truck; the said mixers are used for mixing concrete while it is being transported from a central storage place for the ingredients to the particular job where the concrete is being poured and during the waiting period at the particular job before the concrete is poured; and that the said portable cement mixers can be dismounted from the said chassis and satisfactorily used as a stationary cement mixer. Attached hereto as Exhibit 'A' and made a part hereof by this reference thereto is a full, true and accurate reproduction of a photograph of one of the said motor trucks with one of the said portable cement mixers mounted on the chassis thereof.

"The said motor trucks are vehicles of a type subject to registration under the California Vehicle Code; section 2 of the California Vehicle License Fee Act imposes for the privilege of operating such type of vehicles in the state a license fee of one and three-quarters per cent of the actual market value of the vehicle, as determined by the Department of Motor Vehicles.

"Defendants, and each of them, in determining the actual market value of the said motor trucks for the purpose of arriving at a basis for computing the license fee imposed with respect to the said motor trucks for the year 1942 by section 2 of the said act, have erroneously and unlawfully included the actual market value of the said portable cement mixers; . . ."

In substance and effect, it is appellants' contention that the "mixer" is no part of the "vehicle" nor is it an "addition" to the "chassis" or "body" as defined in section 2 of the Vehicle License Fee Act (*supra*). In that connection, it is argued, quoting from appellant's brief that, "accordingly, the sole issue in this case is whether or not the mixers and the trucks upon which they are mounted have become single units of equipment. Unless they have become single

units of equipment, the 'actual market value' of the trucks within the meaning of the language of the statute should not include the values of the mixers. Appellant respectfully submits that the admitted facts clearly show that the mixers and the trucks have not become single units of equipment.

"Here the mixers are separate units in themselves. They have their separate power units and can be removed and operated quite satisfactorily as stationary cement mixers. They will fit conveniently on the chassis of any modern truck and in fact they are often dismounted for repairs and frequently remounted on the chassis of another truck. These mixers are independent units of equipment, the function of which is to mix concrete while it is being carried to a particular job where it is to be poured and while it is waiting to be poured at that particular job. These mixers can serve their function on one truck as well as on another and in fact they often do so.

"It is true that while they are mounted on the chassis of the truck, they are held in place by bolts, but that fact cannot make them a part of the particular truck upon which they are mounted at the particular moment. The fact that they are temporarily anchored to particular truck chassis to hold them firmly· in ˙place while they are temporarily being used on chassis of particular trucks certainly doesn't make them a part of the truck and certainly not such a part of the truck as to permit the inclusion of the value of the mixer with the value of the truck for the purpose of the license fee here involved.''

Respondents' argument in part is devoted to the contention that the so-called "mixer" is an "addition" to the chassis; "that the truck and mixer is an integral whole" and that "as a matter of fact, the mixers are nothing more nor less than a specialized type of truck body."

As will be seen from the foregoing, appellant does not deny the liability for a tax but disputes the method by which it was computed. In this connection it should be noted that the statute conferring power on the "department" for this purpose is general in character, not only as to the classification of vehicles and the determination of their market value but also as to what shall be included in computing the amount of the license fee. And the reason therefor is obvious, for the great variety of vehicles is a matter of common knowledge.

Manifestly, the determination of such facts and the enforcement of the law in question was addressed to the˙ judgment of the responsible department in the first instance,

which, in the circumstances here presented, is the Department of Motor Vehicles. With regard to its duty and responsibility in that respect, it was necessary to first determine the fact and then apply the law. As an administrative fact finding body several questions were presented, notably, was this so-called "cement mixer" as assembled, a vehicle; was the assembled product an alteration or addition made to the chassis or body of such vehicle, or both; if alterations or additions, the value thereof. No discretion was involved. It was the department's plain duty to determine the facts and apply the law. Unless it can be shown that, in the performance of such duty, the method employed was the product of arbitrary action, or clearly was unreasonable, judicial interference would be unwarranted. Manifestly, in the absence of evidence of facts tending to support such conclusions, any action of the department would be both arbitrary and unreasonable.

It must be assumed that the facts upon which the "department" acted are substantially the same as alleged in plaintiff's complaint. This being true, there is nothing alleged in the complaint from which it might be concluded that the action of the department was either arbitrary or unreasonable. It is noteworthy in that regard that, although it is alleged that the "mixer" can be dismounted from the chassis and satisfactorily used as a stationary cement mixer, it is not further alleged that it was ever so used. It is also alleged that the cement mixers "can be placed upon the chassis of any modern truck," but, it is not further alleged that they ever were so placed and used.

So far as the record reveals, the Department of Motor Vehicles reasonably could have concluded that in the light of the law, although the "cement mixer" was a fabricated device and designed for a specific purpose, nevertheless, when assembled it amounted to a "body," or an "addition" thereto, or a "vehicle" within the intent, purpose and contemplation of the statute. Also, that its function as a "mixer" did not affect its identity as a container for the transportation and delivery of the product, the sale of which it is alleged, constitutes a substantial part of appellant's business.

The allegations of the complaint show affirmatively the facts upon which the department based its conclusions and determined the amount of the license fee. The complaint contains no allegation of fact, either directly or inferentially,

even remotely tending to show that the action of the department was arbitrary or the conclusion unreasonable.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.