STATE, Appellant, v. BLACK HILLS TRANSPORTATION CO., Respondent

(20 N. W.2d 683.)

(File No, 8758, Opinion filed November 20. 1945)
Rehearing Denied January 18, 1946.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Appellant.

**James W. Bellamy, George E. Flavin,** and **W. A. McCullen,** all of Rapid City, for Respondent.

ROBERTS, J.  The state appeals from an order quashing a complaint charging defendant with the operation of a passenger bus on U. S. Highway No. 16 between Rapid City and the Rapid City Air Base "without having first paid compensation for the unusual use, maintenance and upkeep of said highway and the policing of the same and without displaying compensation plates on said motor vehicle."

SDC 44.0420 provides:  "The business of operating as a motor carrier as defined in section 44.0422 upon the highways of this state is declared to be a business affected with the public interest.  The rapid increase in motor carrier traffic over the highways of this state tends to subject said highways to unusual wear and impairs the said highways disproportionately to the travel thereon by the general public, necessitating compensation to the state for the maintenance, upkeep, and policing of the said highways, to the end that said highways may be maintained in the best possible condition for the convenience and use of the general public."

SDC 44.0421 provides: "For the purpose of this chapter, any person as herein defined, using the public highways of this state as a motor carrier, shall be deemed to be making unusual use of said highways."

The term "motor carrier" as defined in SDC 44.0422 as amended by Chapter 160, Laws 1943, includes public carriers of passengers.  Defendant comes within this definition.

SDC 44.0423 as amended by Chapter 161, Laws 1943, divides motor vehicles, trailers and semi-trailers operated by motor carriers into eight classes.  This section places ve-

hicles in the first seven classes according to gross weight and class 8 includes "all such vehicles, trailers, or semi-trailers carrying passengers for hire, such as busses and livery vehicles."

SDC 44.0426 as amended by Chapter 161, Laws 1943, reads in part as follows: "Every person or corporation, except as otherwise provided in this section, desiring to operate a motor vehicle, trailer, or semi-trailer upon the public highways of this state as a motor carrier, in consideration of the unusual use of such public highways by such person or corporation and in addition to the regular license fee or taxes imposed upon motor vehicles in this state, shall, if a carrier of property, pay to the county treasurer of the county of which the applicant is a resident, or to the Secretary of State if applicant is not a resident of this state, the compensation provided for herein annually. Payment of such annual compensation is to be made before beginning such operation, and on or before July 15th after the effective date of this act, and if a carrier of persons, on or before the first day of each month."

A graduated schedule of compensation fees then follows. The amounts upon the first seven classes vary from $15 to $325 per year and the fee for vehicles in the eighth classification is "one dollar per month for each passenger seat rating thereof * * *; for vehicles fitted out with solid rubber tires the above rate and 25 percent additional."

Defendant contends that the classification of vehicles carrying passengers according to seating capacity and trucks upon the basis of gross weights is improper, arbitrary and unreasonable and that the fees charged motor carriers of passengers is disproprotionate to amounts charged motor carriers of freight for the use of the public highways. The only evidence in the record is that submitted by defendant. It consists of opinion of witnesses with respect to the comparative wear and damage caused by trucks and busses and a comparison of fees exacted for the use of highways by trucks and busses of substantially the same weight. On the basis of such comparison, the fees exacted of carriers of passengers are substantially more than that exacted from

freight carriers. The trial court concluded that the statute discriminated against defendant, denying to it the equal protection of the laws, and upon this ground granted the motion to quash the complaint.

■ We must approach the consideration of the question presented with a presumption in favor of the validity of the statute. It should not be held unconstitutional unless its infringement of constitutional restrictions is so plain and palpable to admit of no reasonable doubt. State ex rel. Botkin v. Welsh, 61 S. D. 593, 251 N. W. 189; Mundell v. Graph, 62 S. D. 631, 256 N. W. 121.

■ The reason appearing in the statute itself for exacting the fees specified therein is that motor carrier traffic imposes special burdens on the use of the highways of the state. Section 44.0420, supra. The highways of the state are public property. They are established and maintained at public expense and their primary use is for ordinary travel and their use for purposes of private gain is special and extraordinary. The right of a state to exact compensation for such use is sustained by numerous decisions. Among them, we cite the following: Hendrick v. State of Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. State of New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Mich. Pub. Utilities Commission v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105; Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Sprout v. City of South Bend, 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45; Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Morf v. Bingaman, 298 U. S. 407, 56 S. Ct. 756, 80 L. Ed. 1245, see also annotations in 68 A. L. R. 200 and 75 A. L. R. 13. As aptly said by the court in Alward v. Johnson, 282 U. S. 509, 51 S. Ct. 273, 274, 75 L. Ed. 496, 75 A. L. R. 9; "The distinction between property employed in conducting a business which requires constant and unusual use of the highways and property not so employed is plain enough."

■ Where there is power to impose a license or privilege tax, the Legislature may classify and may subclassify the objects of the tax upon some reasonable basis. State ex

rel. Botkin v. Welsh, supra; In re Hoffert, 34 S. D. 271, 148 N. W. 20, 52 L. R. A., N. S., 949. The determination of the question of classification is primarily for the Legislature and courts will not interfere unless the classification is clearly arbitrary and unreasonable. "The power of the state to classify for purposes of taxation is of wide range and flexibility." Louisville Gas & Electric Co. v. Coleman, 277 U. S. 32, 48 S. Ct. 423, 425, 72 L. Ed. 770. And the "classification need not be scientific nor logically appropriate." Mutual Loan Co. v. Martell, 222 U. S. 225, 32 S. Ct. 74, 75, 56 L. Ed. 175, Ann. Cas. 1913B, 529. In Clark v. Paul Gray, Inc., 306 U. S. 583, 59 S. Ct. 744, 750, 83 L. Ed. 1001, Mr. Chief Justice Stone, speaking for the Court, after approving the right of a state to classify vehicles according to the character of the traffic and the burden it imposes on the state, said: "The classification of the traffic for the purposes of regulation and fixing fees is a legislative, not a judicial, function. Its merits are not to be weighed in the judicial balance and the classification rejected merely because the weight of the evidence in court appears to favor a different standard. Cf. Worcester County Trust Co. v. Riley, 302 U. S. 292, 299, 58 S. Ct. 185, 187, 82 L. Ed. 268. The determination of the legislature is presumed to be supported by facts known to it, unless facts judicially known or proved preclude that possibility. Standard Oil Co. v. [City of] Marysville, 279 U. S. 582, 584, 49 S. Ct. 430, 73 L. Ed. 856; Borden's Farm Products Co. v. Ten Eyck, 297 U. S. 251, 263, 56 S. Ct. 453, 456, 80 L. Ed. 669; Id., D. C., 11 F. Supp. 599, 600; South Carolina State Highway Department v. Barnwell Bros., 303 U. S. 177, 191, 192, 625, 58 S. Ct. 510, 513, 82 L. Ed. 734; United States v. Carolene Products Co., 304 U. S. 144, 153, 154, 58 S. Ct. 778, 784, 82 L. Ed. 1234. Hence, in passing on the validity of the present classification, it is not the province of a court to hear and examine evidence for the purpose of deciding against a question which the legislature has already decided. Its function is only to determine whether it is possible to say that the legislative decision is without rational basis."

██ The contention In Re Hoffert [34 S. D. 271, 148 N. W. 21] supra, was that the statute imposing a tax on

motor vehicles used for the conveyance of persons on the highways outside of municipalities and exempting vehicles which were used for trade and commercial purposes within such limits granted unconstitutional immunity. In discussing this question this court said: "In other words, the one class, for the use of which the license fee is collected, uses, to to a great extent, the roads and bridges that are built and maintained at the expense of the county, while the other class is confined largely to the use of roads and streets that are built, owned, and maintained by the various municipalities. Thus self-driven vehicles are classified according to the use to which they are put rather than according to the means by which they are propelled. This classification is clearly within the legislative power, and, so long as there is no partiality within the classes, no unlawful discrimination is shown." It is obvious that trucks and passenger cars may be differently classified and need not be treated alike for license or privilege tax purposes. State v. Zimmerman, 181 Wis. 552, 196 N. W. 848; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; Richmond Baking Co. v. Department of Treasury, 215 Ind. 110, 18 N. E.2d 778. The normal and ordinary use to which they are put justifies classification. Likewise, different kinds of public carriers by motor vehicles may be separately classified. The difference need not be reflected in the number of miles traveled on the highways or the weight of the motor vehicles used, but the classification may be based upon the peculiar nature of the business conducted. Kelly v. Finney, 207 Ind. 557, 194 N. E. 157; Ex parte Schmolke, 199 Cal. 42, 248 P. 244. In the case of Continental Baking Co. v. Woodring, 286 U. S. 352, 52 S. Ct. 595, 596, 76 L. Ed. 1155, 81 A. L. R. 1402, the Supreme Court of the United States had under consideration a statute which taxed various carriers and exempted "transportation of live stock and farm products to market 'by the owner thereof or supplies for his own use in his own motor vehicle.'" The court sustaining the validity of the statute said: "The court found a practical difference between the case of the appellants 'who operate fleets of trucks in the conduct of their business and who use the highways daily in the delivery of their products to their customers,' and that

of 'a farmer who hauls his wheat or livestock to town once or twice a year.' The Legislature in making its classification was entitled to consider frequency and character of use and to adapt its regulations to the classes of operations, which by reason of their habitual and constant use of the highways brought about the conditions making regulation imperative and created the necessity for the imposition of a tax for maintenance and reconstruction."

The classification of motor busses operating as common carriers of passengers has been considered by the courts of other jurisdictions in a number of cases. It is uniformly held that the placing of such carriers in a separate category for the purpose of imposing a license or privilege tax is not an unreasonable classification. 37 Am. Jur., Motor Transportation, § 87. And the license fee or tax may be graduated according to the seating capacity of the motor vehicle. Interstate Transit v. Lindsey, 161 Tenn. 56, 29 S. W.2d 257; Jefferson Highway Transp. Co. v. City of St. Cloud, 155 Minn. 463, 193 N. W. 960; Hazleton v. City of Atlanta, 144 Ga. 775, 87 S. E. 1043; Camas Stage Co. v. Kozer, 104 Or. 600, 209 P. 95, 25 A. L. R. 27.

Applying the principles of these authorities to the case at bar, we are of the opinion that the classification adopted by the Legislature is not arbitrary and unreasonable.

The order appealed from is therefore reversed.

All the Judges concur, except SMITH, P.J., not sitting.

KNIGHT, Circuit Judge, sitting for POLLEY, J.