MOTOR CLUB OF IOWA, Appellant,

v.

DEPARTMENT OF TRANSPORTATION, Maurice Baringer, Treasurer of the State of Iowa and Kenneth Gaines, Treasurer of Scott County, Appellees.

No. 60385.

Supreme Court of Iowa.

April 19, 1978.

R. Richard Bittner and Robert D. Lambert of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Asher E. Schroeder and Robert W. Goodwin, Sp. Asst. Attys. Gen., for appellees.

McCORMICK, Justice.

This appeal involves challenges to the constitutionality of Code § 321.109(1) which establishes motor vehicle registration fees. Plaintiff Motor Club of Iowa contends that the subject embraced in the legislation was not expressed in the title of the act of which it was a part in violation of Ia.Const. Art. III § 29 and that the statute denies automobile owners equal protection of the laws in violation of Ia.Const. Art. I § 6. The trial court rejected these contentions. We affirm.

In relevant part § 321.109(1), The Code, provides:

> The annual fee for all motor vehicles including vehicles designated by manufacturers as station wagons, except motor trucks, hearses, motorcycles, and motor bicycles, shall be equal to one percent of the value as fixed by the department plus forty cents for each one hundred pounds or fraction thereof of weight of vehicle, as fixed by the department.

This provision fixes registration fees for automobiles. Motor truck registration fees are separately provided in § 321.122, The Code, and are based solely on vehicle weight. Hearse, motorcycle and motor bicycle fees are provided in § 321.117, The Code, and are set at a flat per-vehicle rate.

Plaintiff's constitutional attack was made in a petition for declaratory judgment against defendants Department of Transportation, Maurice Baringer, Treasurer of Iowa, and Kenneth Gaines, Treasurer of Scott County. The case was submitted on stipulated facts.

Insofar as material here the stipulation shows plaintiff owned seven automobiles upon which it paid registration fees in 1973 and 1974. Examples of automobile valuations and weight demonstrated that valuation is not necessarily proportionate to weight. The parties agreed that automobiles of the same weight may differ in value, resulting in higher registration fees for those of greater value. Some automobiles are valued higher than others of greater weight and consequently are assessed registration fees which are higher than those of the heavier cars. The parties stipulated that the retail list price of an automobile "is not directly related to the amount of wear or damage it will cause to the public roads in the State of Iowa."

After adopting the stipulation of the parties in its findings of fact, the trial court rejected the constitutional challenges and dismissed the petition. This appeal followed.

I. *Sufficiency of the title of the act.* Plaintiff contends the registration fee provisions of Code chapter 321 violate Ia.Const. Art. III § 29 because they impose a tax and the title of the act in which they were adopted failed to express that subject in its title.

Ia.Const. Art. III § 29 provides:

> Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.

This provision contains two requirements. One is the single subject requirement. It refers to the content of the legislation and limits it to "one subject, and matters properly connected therewith * * *." This precept is designed to prevent political "logrolling" which could result from attaching unrelated and unpopular riders to bills certain of being passed. *Long v. Board of Supervisors,* 258 Iowa 1278, 1284, 142 N.W.2d 378, 382 (1966). This requirement is not involved here.

The second requirement, which is relied on by plaintiff, provides that the subject of the act must be expressed in its title. "It was designed to prevent surprise in legislation, by having matter of one nature embrace in a bill whose title expressed anoth-

er." *State v. Talerico,* 227 Iowa 1315, 1322, 290 N.W. 660, 663 (1940). See Rudd, No Law Shall Embrace More Than One Subject, 42 Minn.L.Rev. 389, 392 (1958).

The statute establishing motor vehicle registration fees, Code § 321.109(1), was contained in Acts 47 G.A. ch. 134 along with many of the other current provisions of Code chapter 321. The title of the act was as follows:

> An ACT to repeal [certain chapters and sections] of said code and to enact a substitute therefor, and to amend [certain sections] of said code, all relating to vehicles and traffic; to provide penalties and liabilities in relation thereto; and to provide for the administration and enforcement thereof.

■ Several well established principles guide our determination of plaintiff's challenge to the sufficiency of this title. Foremost is the principle that the constitutional provision is to be given a liberal construction to permit one act to embrace all matters reasonably connected with the subject expressed in the title and not utterly incongruous thereto. *Webster Realty Company v. City of Fort Dodge,* 174 N.W.2d 413, 418 (Iowa 1970). In addition:

> [T]he title need not be an index or epitome of the act or its details. The subject of the bill need not be specifically and exactly expressed in the title. It is sufficient if all the provisions relate to the one subject indicated in the title and are parts of it or incidental to it or reasonably connected with it or in some reasonable sense auxiliary to the subject of the statute. *State v. Talerico,* 227 Iowa 1315, 1322, 290 N.W. 660, 663 (1940).

See *Lee Enterprises, Inc. v. Iowa State Tax Com'n,* 162 N.W.2d 730, 737 (1968), and citations.

In contending the title is constitutionally defective plaintiff asserts the registration fee is a tax. In *Solberg v. Davenport,* 211 Iowa 612, 232 N.W. 477 (1930), this court explained the difference between a license fee and a tax. The court held a motor vehicle registration fee is a tax when its purpose is to produce revenue rather than merely to raise the amount necessary to cover licensing expenses. On this basis the registration fee provided in § 321.109(1) is plainly a tax.

The defect in the title of the act, according to plaintiff, is that the title does not say the act imposes a tax. Plaintiff insists this deficiency is compounded because revenue from the tax is not used for traffic regulation but is earmarked under Ia.Const. Art. VII § 8 "exclusively for the construction, maintenance and supervision of the public highways * * * or for the payment of bonds issued or to be issued * * * and the payment of interest on such bonds."

■ Applying the relevant principles, we do not think the title has the asserted constitutional defect. The subject of the act is vehicles and traffic. The imposition of a motor vehicle registration fee, even though it is in the nature of a tax to raise earmarked funds, is reasonably related to, connected with or auxiliary to the subject. See *W. A. Barber Grocery Co. v. Fleming,* 229 Ind. 140, 96 N.E.2d 108 (1951), and citations; *Co-ordinated Transport v. Barrett,* 412 Ill. 321, 106 N.E.2d 510 (1952), aff'd, 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567 (1953).

Moreover, the reference in the title to "liabilities" is broad enough to encompass a pecuniary obligation like a tax. In rejecting plaintiff's contrary contention the trial court reasoned as follows:

> The title to Chapter 321 states that the act provides for "penalties" and "liabilities" in relation to "vehicles and traffic". "Liability" is a broad legal term which has been referred to as of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely. *BLACK'S LAW DICTIONARY.* The term "liabilities" would seem to include a provision for the determination and collection of motor vehicle registration fees or taxes.

We agree with the trial court.

In *State v. Edmunds,* 127 Iowa 333, 101 N.W. 431 (1904), a license fee on physicians was alleged to be a tax which was not

expressed in the title of the act. The court held, "The title of the act is, 'Of the practice of medicine,' and the subject-matter is sufficiently expressed." 127 Iowa at 339–340, 101 N.W. at 434. We agree with the trial court that *State v. Manhattan Oil Co.,* 199 Iowa 1213, 203 N.W. 301 (1925), is factually and legally distinguishable.

We hold the title challenged here did not violate Ia.Const. Art. III § 29.

■ In oral argument plaintiff alleged this issue is also affected by Ia.Const. Art. VII § 7 which provides that every law "which imposes, continues or revives a tax, shall distinctly state the tax, and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object." The trial court's ruling and plaintiff's brief reveal this argument was not urged in the trial court nor previously in the appeal. Therefore we do not entertain it. However, we note Ia.Const. Art. VII § 7 has been held inapplicable to vehicle registration fees. *Solberg v. Davenport,* 211 Iowa 612, 623, 232 N.W. 477, 483 (1930) ("while the charges made herein are considered as a tax, they are not a property tax, and therefore do not violate [Ia.Const. Art. VII § 7]"). In addition, Ia.Const. Art. VII § 7 does not impose a requirement relating to the title of an act, but only to the manner in which a tax is expressed within the act. A tax is distinctly stated when the amount, rate or factors from which the rate is computed are included in the act. See *Webster Realty Co. v. City of Fort Dodge,* 174 N.W.2d 413, 418 (Iowa 1970); *Knorr v. Beardsley,* 240 Iowa 828, 859, 38 N.W.2d 236, 254 (1949); *State v. Executive Council,* 207 Iowa 923, 933, 223 N.W. 737, 741 (1929).

II. *The equal protection claim.* The automobile registration fee of § 321.109(1) is also challenged as a violation of Ia.Const. Art. I § 6 which provides that "[a]ll laws of a general nature shall have a uniform operation * * *." This provision states the same principle as is contained in the equal protection clause of the fourteenth amendment of the U.S. Constitution. *City of Waterloo v. Selden,* 251 N.W.2d 506, 509 (Iowa 1977).

■ We have held that, "[I]n tax matters even more than in other fields legislatures possess the greatest freedom in classification." The differences upon which the classification is based need not be great or conspicuous. An iron rule of equal taxation is neither attainable nor necessary. *Dickinson v. Porter,* 240 Iowa 393, 401, 35 N.W.2d 66, 72 (1948), appeal dismissed, 338 U.S. 843, 70 S.Ct. 88, 94 L.Ed. 515 (1949).

In the local economic sphere it is only invidious discrimination, "the wholly arbitrary act", which denies equal protection. *New Orleans v. Dukes,* 427 U.S. 297, 303–304, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517 (1976).

We do not pass on the wisdom, advisability or justice of a statute. Those issues are for the legislature. The issue for us is whether plaintiff, as the complaining party, has met its burden to prove the challenged classification is without rational basis. *City of Waterloo v. Selden, supra,* 251 N.W.2d at 508.

Plaintiff's equal protection argument rests on two main grounds. First is an attack based on the fact automobiles of the same weight are assessed different registration fees when their values differ. Second is an attack based on the fact automobiles are assessed fees computed in part on value whereas motor trucks are charged solely on gross weight.

The premise of each attack is that the revenues are earmarked for road purposes, road damage is a product of vehicle weight rather than value, automobiles of equal weight are assessed differently depending on their value, and motor trucks are assessed on the basis of weight alone.

■ We find no merit in plaintiff's first ground. It is not per se unreasonable to impose a tax measured in part by the value of property. The registration fee imposed by § 321.109 "is a charge for the privilege of using the streets and highways * * *." *Solberg v. Davenport, supra,* 211 Iowa at 621, 232 N.W. at 482. Privilege and use

taxes are often based on value of the property involved. See 53 C.J.S. Licenses § 23 at 548; 51 Am.Jur.2d Licenses and Permits § 29 at 38. Value of the automobile may be a reasonable indication of the worth of the privilege to an individual; it may also be a reasonable indication of ability to pay. Taxes based on the ability to pay have been uniformly upheld.

There is no magic or necessary equity in basing registration fees solely on vehicle weight. This factor totally ignores the mileage a vehicle is driven on the roads. A heavy vehicle which sits in the garage most of the time may not damage roads as much as a lighter vehicle which is driven often. No single factor is without some arguable deficiency. Traditional equal protection analysis does not outlaw classifications which constitute rough accommodations. *City of Waterloo v. Selden, supra,* 251 N.W.2d at 508–509.

Taxation of motor vehicles based on value has been upheld in other jurisdictions. See *O'Brien v. State Tax Commission,* 339 Mass. 56, 69, 158 N.E.2d 146, 156 (1959) ("We see no objection to the excise on the ground that it is measured by the value of the vehicle rather than by the extent of actual use of Massachusetts highways."); *Bode v. Barrett,* 412 Ill. 204, 224, 106 N.E.2d 521, 531 (1952), aff'd, 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567 (1953); *McAhren v. Bradshaw,* 57 Ariz. 342, 349, 113 P.2d 932, 935 (1941); *Opinion of the Justices,* 250 Mass. 591, 600, 148 N.E. 889, 893 (1925) ("They involve no infraction of constitutional guarantees provided in other respects they are genuine excise taxes."); 7 Am.Jur.2d Automobiles and Highway Traffic § 68; 60 C.J.S. Motor Vehicles § 138 at 762–763. See also *Ingels v. Riley,* 5 Cal.2d 154, 53 P.2d 939 (1936); *Consolidated Rock Products Co. v. Carter,* 54 Cal.App.2d 519, 129 P.2d 455 (1942); *McReavy v. Holm,* 166 Minn. 22, 206 N.W. 942 (1926); *Raymond v. Holm,* 165 Minn. 215, 206 N.W. 166 (1925); *Dohs v. Holm,* 152 Minn. 529, 189 N.W. 418 (1922); *Capitol Greyhound Lines v. Brice,* 339 U.S. 542, 70 S.Ct. 806, 94 L.Ed. 1053 (1950) (upholding the reasonableness of a value basis tax on motor vehicles under the commerce clause). We have found no cases holding otherwise and none have been cited to us.

■ The fact the revenue is earmarked does not affect the reasonableness of the taxing classification. It is not necessary that the classification be related to the purpose served by earmarking the revenue raised. *New York Rapid Transit Corporation v. New York,* 303 U.S. 573, 587, 58 S.Ct. 721, 728, 82 L.Ed. 1024, 1035 (1938) ("the provisions of the legislation earmarking the funds collected are not of importance in determining whether or not the classification of the challenged acts is discriminatory").

■ Similarly, we find no merit in plaintiff's second ground. Automobiles may reasonably be classified differently than trucks for registration fee purposes. The uses to which they ordinarily are put are different. Automobiles are more often used for pleasure driving and transportation of passengers. Trucks are more likely to be used for commercial purposes including transportation of merchandise or other cargo. The difference in function justifies, although it does not require, a different classification for tax purposes. *State v. Black Hills Transp. Co.,* 71 S.D. 28, 34, 20 N.W.2d 683, 685 (1945) ("It is obvious that trucks and passenger cars may be differently classified and need not be treated alike for license or privilege tax purposes. [Citations] The normal and ordinary use to which they are put justifies classification."). See *Lord v. Henderson,* 105 Cal.App.2d 426, 431, 234 P.2d 197, 203 (1951), *appeal dismissed,* 342 U.S. 937, 72 S.Ct. 561, 96 L.Ed. 697 (1952).

We hold plaintiff did not meet its burden to prove no rational basis exists for the legislature to classify automobiles differently than motor trucks for registration fee purposes under § 321.109(1).

Because we find no merit in plaintiff's constitutional challenges to the statute, we affirm the trial court.

AFFIRMED.

All Justices concur.