The KARTRIDG PAK CO., Appellant,

v.

DEPARTMENT OF REVENUE of the State of Iowa and Gerald Bair, Director, Iowa Department of Revenue, Appellees.

No. 84–15.

Supreme Court of Iowa.

Feb. 13, 1985.

Kent Emery and R. Burns Mossman, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Gerald A. Kuehn, Asst. Atty. Gen., for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

McGIVERIN, Justice.

Petitioner, The Kartridg Pak Co., appeals from the district court's affirmance on judicial review of respondent Iowa department of revenue's assessment of tax on raw materials used by Kartridg Pak in the manufacture of meat packaging machines. We affirm.

On appeal, Kartridg Pak contends (1) that no statute imposes the tax here assessed with the necessary specificity, and (2) that the assessment violates the Commerce Clause, art. I, § 8, cl. 3, of the United States Constitution. We find no merit in either contention.

There is little dispute as to the facts of this case. Kartridg Pak is an Iowa corporation with its executive offices and manufacturing plant located in Davenport. Among the products Kartridg Pak manufactures is a machine used in the food processing industry to package foods such as meat and cheese.

Kartridg Pak sells about 55% of the machines it makes and leases the rest. This litigation concerns Kartridg Pak's use of raw materials to make machines that are subsequently leased. The majority of Kartridg Pak's lessees are out-of-state businesses.

Kartridg Pak does not manufacture machines and then hold them in stock to fill customer orders. Instead, it first signs a sale or lease contract with a customer, and then manufactures a machine according to the specifications of the contract and ships it by public carrier to the buyer or lessee.

This case arises from an audit by the department of revenue of Kartridg Pak's books for the period January 1, 1975, to December 31, 1979. As a result of that audit, the department assessed tax due in the amount of approximately $35,000 on the value of raw materials used by Kartridg Pak during 1975–79 in the manufacture of packaging machines destined for leasing.

No sales tax was paid on those raw materials at the time of their purchase by Kartridg Pak, because at that time it could not be determined which of those materials would ultimately be processed and sold at retail in the form of packaging machines. The department concedes this proposition. Those raw materials that were to be ultimately sold at retail as a portion of a manufacturing machine were exempt from sales tax. *See* Iowa Code § 422.42(3) (1983). However, the department reasoned that raw materials used to make machines that were not ultimately sold at retail, but instead were leased, were no longer entitled to exemption from tax, because a lease is not a sale at retail for the purposes of our sales tax statutes. *See Cedar Valley Leasing v. Iowa Department of Revenue,* 274 N.W.2d 357, 361 (Iowa 1979). Accordingly, the department sought to assess a tax on the value of raw materials that were actually used in machines destined for lease.

To impose its assessment on Kartridg Pak, the department relied on Iowa Code sections 422.43 and 422.51(1). The department contended that Kartridg Pak, as a retailer of packaging machines, was subject to section 422.51(1) and that when Kartridg Pak manufactured a machine for leasing rather than sale at retail, it "converted" the raw materials thereby used to its own use within the meaning of that section, and so was liable for the sales tax under section 422.43 on their purchase which it had earlier avoided under the exemption provided by section 422.42(3).

Kartridg Pak paid the assessment under protest and instituted contested case proceedings pursuant to Iowa Code chapter 17A. In the course of those proceedings the department stated its basis for imposing sales tax on the raw materials and also argued in the alternative that the assessment was supportable under section 423.2 as a use tax if it was not justifiable as a sales tax.

The hearing officer ruled in favor of Kartridg Pak. However, on review of the hearing officer's proposed decision, the director of revenue reversed the hearing officer's ruling and upheld the assessment against Kartridg Pak. On judicial review, the district court affirmed the director's decision. This appeal by Kartridg Pak followed.

■■■■ This court's function on appeal, like that of the district court, is to correct any errors of law on the part of the department of revenue. *Richards v. Iowa Department of Revenue,* 360 N.W.2d 830, 831 (Iowa 1985). The department's action will be reversed if it was in violation of constitutional or statutory provisions, or in excess of the department's statutory authority. Iowa Code § 17A.19(8)(a), (b).

I. *Permissibility of the assessment under state law.* In maintaining that the

assessment is contrary to state law, Kartridg Pak relies largely on art. VII, § 7 of the Constitution of Iowa, which states:

Every law which imposes, continues, or revises a tax, shall distinctly state the tax, and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object.

Kartridg Pak maintains that no statute imposes the tax here assessed with the specificity required by art. VII, § 7, and that the assessment is therefore contrary to law.

■ The department contends that art. VII, § 7 applies only to property taxes and cites *Lee Enterprises, Inc. v. Iowa State Tax Commission,* 162 N.W.2d 730, 739 (Iowa 1968), and *Solberg v. Davenport,* 211 Iowa 612, 623, 232 N.W. 477, 483 (1930), in support of this contention. Whether it is considered a sales tax or a use tax, the tax assessed in this case is clearly an excise tax, not a property tax. *See Cedar Valley Leasing,* 274 N.W.2d at 361; *Inter-State Nurseries, Inc. v. Iowa Department of Revenue,* 164 N.W.2d 858, 862–63 (Iowa 1969). The department, therefore, maintains that the statute imposing the tax is not subject to the demands of art. VII, § 7.

Because of the view we take of this case, we need not pass on the applicability of art. VII, § 7. As noted above, the department contends that its assessment is supportable as a sales tax or as a use tax. We agree that the use tax statutes impose a tax under these facts, and so we do not consider whether sales tax could, alternatively, be imposed. Assuming *arguendo* that art. VII, § 7 applies to the use tax statute, we find Kartridg Pak's state constitutional argument to be without merit.

■ Iowa Code section 423.2 (1975), which was in force during the period for which the assessment was made, reads in pertinent part, "An excise tax is hereby imposed on the use in this state of tangible personal property purchased for use in this state, at the rate of three percent of the purchase price of such property." This tax is distinctly stated within the meaning of art. VII, § 7, because the rate of tax is

included in the statute. *See Motor Club of Iowa v. Department of Transportation,* 265 N.W.2d 151, 154 (Iowa 1978). Kartridg Pak also argues that the "object" of the tax is not stated, but from the briefs it has filed it is apparent that Kartridg Pak understands this requirement to deal with the identity of the property or event being taxed. Our cases, however, indicate that the "object" to which the tax is to be applied refers to the governmental purpose for which the revenue raised by the tax is to be used. *See Knorr v. Beardsley,* 240 Iowa 828, 860, 38 N.W.2d 236, 253 (1949); *C.C. Taft Co. v. Alber,* 185 Iowa 1069, 1072–73, 171 N.W. 719, 720 (1919). Kartridg Pak makes no argument relevant to this issue and so we do not address it. On this record, Kartridg Pak's state constitutional contentions cannot prevail.

■ We turn now to the applicability of the use tax statutes to the facts of this case. As noted above, Iowa Code section 423.2 (1975) imposed a tax on "the use in this state of tangible personal property purchased for use in this state." The raw materials that Kartridg Pak used during 1975–79 in manufacturing machines were clearly "tangible personal property." There is no dispute that they were purchased for use in this state and were in fact used in this state. Kartridg Pak is, therefore, liable for tax on the use of those raw materials unless it can demonstrate that it is entitled to exemption from the tax.

■ Section 423.4 treats exemptions from the use tax. The only provision in that section that is relevant here is subsection (4), which incorporates by reference the retail sales tax exemptions enumerated in section 422.45 (with two exceptions not relevant here). This incorporation includes section 422.45(18). The parties appear to agree that the effect of this rather inartfully drafted statute is to exempt from taxation the raw materials used by Kartridg Pak after July 1, 1978 (the effective date of the exemption) in manufacturing machines destined for lease within the state of Iowa.

The department maintains that in making its assessment it took section 422.45(18) into account and properly observed the exemption it provides. Kartridg Pak has not challenged this contention, nor attempted to come within any other use tax exemption provided by section 423.4. A taxpayer who seeks to avoid taxation pursuant to a statutory exemption has the burden of proving his or her entitlement to the exemption. *Merged Area (Education) VII v. Board of Review of the City of Waterloo*, 326 N.W.2d 310, 311 (Iowa 1982).

Because section 423.2 authorizes imposition of a use tax under these facts, and because Kartridg Pak has not shown that any exemption from the use tax operates to decrease or eliminate the amount of tax assessed, we conclude that the department's assessment of tax was not contrary to state law.

■ II. *The Commerce Clause issue.* Kartridg Pak also contends that part of the tax assessment violates art. I, § 8, cl. 3 of the United States Constitution, which provides, "The Congress shall have power ... to regulate Commerce ... among the several States...." Kartridg Pak maintains that the assessment of tax on raw materials used to make machines destined for lease outside the state of Iowa constitutes an impermissible burden on interstate commerce.

In *Atchison, Topeka and Santa Fe Railway Co. v. Bair*, 338 N.W.2d 338, 347 (Iowa 1983), this court adopted the four-part inquiry developed in *Complete Auto Transit v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), to determine whether a state tax is permissible under the Commerce Clause. Under this test, the challenger of a state tax must show:

(1) that the activity being taxed does not have a sufficient nexus with the taxing state to justify taxation by that state, or

(2) that the tax discriminates against interstate commerce, or

(3) that the tax is unfairly apportioned, or

(4) that the tax is unrelated to services provided by the state.

The record shows that Kartridg Pak has failed to make a sufficient showing under any of the elements of the test stated above. In the contested case proceedings and the subsequent judicial review by the district court, Kartridg Pak asserted only that its manufacturing process, with respect to machines destined for out-of-state leasing, was in interstate commerce and as such immune under the Commerce Clause from state taxation. No reference was made to the test articulated by the United States Supreme Court in *Complete Auto Transit,* and Kartridg Pak made no factual showing sufficient to satisfy any of the elements of that test.

■ On appeal, Kartridg Pak argues for the first time that Iowa Code section 422.45(18) discriminates against interstate commerce, but inasmuch as that argument was not presented to the district court, we decline to address it. We will not allow a party to make a general reference to a constitutional provision in the district court and then seek to develop the argument on appeal to this court. *Klobnock v. Abbott,* 303 N.W.2d 149, 153 (Iowa 1981). Nor will we consider on appeal a theory of relief not asserted in the district court. *See, e.g., Champlin v. Walker,* 249 N.W.2d 839, 842 (Iowa 1977); *Burr v. Apex Concrete Co.,* 242 N.W.2d 272, 274 (Iowa 1976). We conclude that Kartridg Pak cannot prevail on this issue on the basis of the record before us.[1]

We have considered all the contentions advanced by Kartridg Pak and find them to be without merit. The department, in making the assessment in question, did not exceed its statutory authority, nor was its

---

1. *Armco, Inc. v. Hardesty,* —— U.S. ——, 104 S.Ct. 2620, 81 L.Ed.2d 540 (1984) does not affect our disposition of this case inasmuch as we do not reach the issues discussed therein. In *Armco* the Court was presented with an evidentiary record from which it found that a state tax discriminated against interstate commerce. We have no such record in this case.

assessment contrary to law. The case is affirmed.

AFFIRMED.