**Dale SWANSON, Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE, an Agency of the State of Iowa, and the State of Iowa, Respondent–Appellee.**

**No. 86–1492.**

Court of Appeals of Iowa.

Aug. 26, 1987.

Willis J. Hamilton of the Hamilton Law Firm, Storm Lake, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Harry M. Griger and James D. Miller, Asst. Attys. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

Appellant, Dale Swanson, initiated the present action by filing a tax protest petition on July 30, 1982, wherein he claimed he was not a resident of and domiciled in Iowa during the years 1977 through 1981, inclusive. Resultingly, the petition alleged Swanson is not subject to the assessment of Iowa state individual income tax, interest, penalties, and fees with respect to those years. Swanson has paid the taxes and the present protest action seeks their refund. An administrative hearing officer and, on administrative appeal, the director of the department of revenue rejected Swanson's contention. The district court found substantial record evidence in support of the agency's decision and consequently affirmed the agency action. This appeal followed.

Our function on appeal, like that of the district court, is to correct any errors of law on the part of the department of revenue. *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557, 559 (Iowa 1985). The department's decision must be supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." *Richards v. Iowa Dep't of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985); Iowa Code § 17A.19(8)(f) (1985). Evidence is substantial for the purpose of review when a reasonable mind would accept it as sufficient to support a conclusion. *Billingsley v. Iowa Dep't of Job Service*, 338 N.W.2d 538, 540 (Iowa App.1983). Swanson maintains this quantum of support for the agency's decision does not exist in the present record. We disagree.

Iowa Code section 422.4(8) (1985) provides that the term "resident" as used for purposes of state tax liability, *see* Iowa Code § 422.5 (1985), includes "any individual domiciled in the state, and any other individual who maintains a permanent place of abode within the state." Relatedly, Chapter 701–38.1(8) (1986) of the Iowa Administrative Code includes the following analytical framework:

Every person has one and only one domicile. Domicile, for purposes of determining "resident" when an individual is "domiciled in this state" is largely a matter of intention, which must be freely and voluntarily exercised. The intention to change one's domicile must be present and fixed and not dependent upon the happening of some future or contingent event. Because it is essentially a matter of intent, precedents are of slight assistance and the determination of the place of domicile depends upon all the facts and circumstances in each case.

Unless shown to the contrary, an individual will be presumed "domiciled in this state" within the meaning of resident if the individual exercises the rights of citizenship in Iowa by meeting the requirements as a voter, or who enjoys the benefits of the homestead credit, or military exemption, or who otherwise exer-

cises the rights or privileges of suffrage in this state. An individual domiciled in this state retains this status until such time as the individual takes positive action to become domiciled in another state or country and relinquishes the rights and privileges of residency in Iowa.

In addition, our supreme court has stated that a domicile once acquired continues until a new one is perfected by the occurrence of three essential elements: (1) a definite abandonment of the former domicile; (2) actual removal to, and physical presence in the new domicile; (3) a bona fide intention to change and to remain in the new domicile permanently or indefinitely. *Julson v. Julson,* 255 Iowa 301, 305, 122 N.W.2d 329, 331 (1963). The requisite element of intent to change one's domicile necessarily includes an intention to abandon the former domicile, and to do so permanently. *Edmundson v. Miley Trailer Co.,* 211 N.W.2d 269, 271 (Iowa 1973).

The record is clear that during the years in question Swanson was estranged from his wife, who continued to reside in Iowa. He was deeply involved with business ventures in Texas and spent the vast majority of his time in that state. The record also supports a finding that the following facts existed during the assessment period: Swanson maintained substantial farm holdings in Iowa, the daily operation of which was carried out by his sons and hired help; Swanson made trips back to Iowa for the purpose of assisting with the farm operations; Swanson registered to vote in Iowa in 1980, giving Schaller, Iowa, as his address; he signed Iowa homestead tax credit applications for the years 1977 through 1980; Swanson renewed his Iowa driver's license in 1979, giving Schaller, Iowa, as his address; Swanson did not obtain a Texas driver's license until 1982; Swanson maintained a bank account in Iowa; Swanson maintained his membership in the Iowa Farm Bureau; Swanson filed a motor vehicle fuel tax refund claim in 1981, giving Schaller, Iowa, as his address.

We think the administrative agency's decision is amply supported by this record.

Accordingly, the district court's disposition of this case is affirmed.

AFFIRMED.