Lucille **DAUGHERTY** and Merle **Daugherty, Plaintiffs,**

v.

**ANKENY CONSTRUCTION COMPANY, INC., Appellant,**

**and**

**Paul J. Naughton, d/b/a Naughton Dry Wall, Appellee.**

No. 87–1219.

Supreme Court of Iowa.

Dec. 21, 1988.
As corrected March 17, 1989.

---

SNELL, Justice.

Defendant, Ankeny Construction Company (Ankeny), appeals the decision of the district court granting summary judgment to codefendant, Paul J. Naughton, d/b/a Naughton Dry Wall, on Ankeny's cross-claim for contractual indemnity. We affirm.

This action arose out of an accident which occurred December 3, 1982, on an apartment complex construction site in Fairfield, Iowa. Ankeny was the general contractor; Naughton was the dry wall subcontractor. To facilitate timely completion of the dry walling, Naughton subcontracted part of it out to Merle Daugherty. Merle began this work on December 3, and brought his wife, Lucille, with him to the job site. Shortly before noon, Lucille was spotting nails on the second floor hallway walls and on the second floor landing. While doing this work, she fell from the second floor landing to the first floor landing, sustaining several compression fractures to her back. There were no safety rails or handrails on the second floor landing or the stairway leading up to it.

The Daughertys then sued Ankeny and Naughton to recover damages they sustained as the result of Lucille's injuries. The subsequent trial only involved Lucille's claim, though; Merle's claim for consortium was not submitted to the jury. Ankeny and Naughton filed cross-claims against each other for indemnity and contribution. Ultimately, however, they jointly moved to sever their cross-claims for a separate trial. Their motion noted that "[r]esolution of these cross-claims will involve numerous issues not directly relevant to Plaintiffs' claims against these Defendants, including various issues of contract interpretation" and that "[i]f severance of the cross-claims is granted, the undersigned Defendants agree that evidence and issues which relate solely to the determination of the cross-claims, and which are not directly relevant to Plaintiffs' claims, will be reserved for later determination without waiver as to such evidence or issues." The trial court granted the motion to sever.

R. Todd Gaffney of Duncan, Jones, Riley & Finley, P.C., Des Moines, for appellant.

Richard J. Sapp and John F. Lorentzen of Nyemaster, Goode, McLaughlin, Emery and O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.

At the apparent close of the evidence, but before the defendants rested, Naughton moved for a directed verdict on Lucille's claim. This motion was renewed after both defendants rested, Ankeny having declined to produce additional evidence. Lucille did not resist this motion, but Ankeny did so. Ankeny also made its own motion for a directed verdict on Lucille's claim.

The trial court sustained Naughton's motion but overruled that of Ankeny. The case was then submitted to the jury with Ankeny as the only defendant, and Merle as a cross-claim defendant as the alleged employer of Lucille. The jury determined Lucille sustained damages in the amount of $188,000, and that Merle was not her employer. The jury found 66⅔% of the negligence proximately causing Lucille's injuries was attributable to Ankeny and 33⅓% was attributable to Lucille. The trial court therefore entered judgment in favor of Lucille and against Ankeny in the amount of $125,334 plus 10% interest. Neither this judgment nor the directed verdict for Naughton were appealed.

After the trial, Naughton and Ankeny moved for summary judgment on the respective cross-claims against each other. The court determined the adjudication at trial of the issue of the parties' negligence was dispositive of these motions. Naughton's cross-claim was deemed moot and his summary judgment motion was sustained, as a result of his directed verdict. Ankeny's motion was overruled.

■ The first issue to be resolved in Ankeny's appeal of these rulings is whether Naughton's directed verdict on Lucille's claim precludes Ankeny from litigating the issue of Naughton's negligence. The four prerequisites for issue preclusion are well established:

(1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Opheim v. American Interinsurance Exch.*, 430 N.W.2d 118, 121 (Iowa 1988); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). In determining whether these requirements were met in this case, we find our decision in *Trushcheff v. Abell–Howe Co.*, 239 N.W.2d 116 (Iowa 1976), instructive.

In *Trushcheff,* an injured construction worker and his wife brought an action against the general contractor of the project (Abell–Howe) and one of its subcontractors (Holman). *Id.* at 119–20. Both of these defendants later cross-petitioned against some of other subcontractors, including Trushcheff's employer (Koder). Additionally, Abell–Howe cross-petitioned against Holman for common-law and contractual indemnity. At the close of the evidence at trial, Holman was granted a directed verdict as to the Trushcheffs' claim and as to Abell–Howe's claim. A jury verdict was returned against Abell–Howe on the Trushcheffs' claim. *Id.* at 121.

On Abell–Howe's appeal of these rulings, we determined, *inter alia,* whether Abell–Howe was precluded from attacking Holman's directed verdict under res judicata or issue preclusion principles. *Id.* at 131. Although this discussion related to Abell–Howe's common-law indemnity claim, we are persuaded it is equally applicable to negligence issues raised in a contractual indemnity setting, with the caveat that in the contractual situation the subcontractor's lack of negligence may not necessarily dispose of the general contractor's indemnity claim. We stated:

In principle, we find no basis upon which to hold the case at bar is distinguishable from [other issue preclusion cases] merely on the ground that Holman's "success" in connection with the Trushcheff action was based upon a nonapppealed directed rather than jury verdict, as both generally have the same judgment-related effect. Similarly, the fact that a classical "prior adjudication" is not here present is of little or no

consequence for, as between Abell–Howe and Holman, the Trushcheff–Holman action stands as a final, "prior" adjudication.

*Id.* at 133 (citations omitted). We determined that Abell–Howe and Holman occupied adversary positions in the proceeding by reason of Abell–Howe's cross-petition against Holman. We also stated they "fully litigated the matter of liability, one to the other and each respectively as to the Trushcheffs." *Id.* at 132. We concluded Holman's issue preclusion argument had merit and that its directed verdict must stand. *Id.* at 132–33.

In this case, we are similarly convinced Ankeny and Naughton occupied adversary positions at trial, notwithstanding the severance of their cross-claims. As their joint motion to sever noted: "[E]vidence and issues which relate solely to the determination of the cross-claims, and which are not directly relevant to Plaintiffs' claims, will be reserved for later determination...." Clearly the issue of Ankeny and Naughton's respective negligence with regard to Lucille's claim was not one which related solely to the cross-claims. Nor did the court or Ankeny treat it so at trial. Ankeny had the opportunity to introduce evidence of Naughton's negligence, if any; and Ankeny vigorously resisted Naughton's motion for directed verdict. Under these circumstances, we conclude Ankeny is precluded from litigating the issue of Naughton's negligence.

■ Ankeny contends this conclusion is not, however, fatal to its contractual indemnity claim. The provision in the subcontract with Naughton relied upon by Ankeny states:

The Subcontractor agrees to indemnify and save harmless the Contractor from any and all loss or damage, (including, without limiting the generality of the foregoing, legal fees and disbursements paid or incurred by the Contractor to enforce the provisions of this paragraph), occasioned wholly or in part by any negligent act or omission of the Subcontractor or that of anyone directly or indirectly employed by them or performing the work of this Subcontract under the direction of the Subcontractor or anyone for whose acts any of them may be liable in carrying out the provisions of the General Contract and of this Subcontract regardless of whether or not it is caused in part by a party indemnified hereunder.

Ankeny asserts our decision in *Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc.*, 382 N.W.2d 156 (Iowa 1986), which construed identical subcontract language, is controlling here. We disagree.

In *Payne* our construction of the above provision required a subcontractor that was 40% negligent to indemnify a general contractor that was 60% negligent. *Id.* at 160. Under the circumstances presented, it was our belief the subcontract clearly provided for the general contractor to be indemnified for even its own negligence. *Id.* However, unlike *Payne,* where indemnification was triggered by the subcontractor's negligence, the subcontractor was not negligent here.

The essence of Ankeny's argument, then, is that the *Payne* reasoning be extended to the other "triggers" provided by the indemnity provision: any negligent act or omission of anyone (1) "directly or indirectly employed" by the subcontractor; (2) "performing the work of this Subcontract under the direction of the Subcontractor"; or (3) "for whose acts any of them may be liable in carrying out the provisions of the General Contract and of this Subcontract." It is Ankeny's position on appeal that Lucille was indirectly employed by Naughton or doing the work of the subcontract under Naughton's direction. Ankeny therefore asserts the district court erred by overruling its motion for summary judgment and sustaining Naughton's motion. In the alternative, Ankeny contends there exist material issues of fact regarding Lucille's work and employment, making summary judgment inappropriate.

A review of the record, however, reveals Ankeny in its cross-claim merely alleged Naughton had been negligent. No references were made to Lucille's purported

work or employment, let alone allegations that this work or employment was sufficient to require indemnity under the subcontract. Consequently, we may not decide whether the *Payne* reasoning should be extended to such cases. These issues were not brought before nor decided by the trial court. *See Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557, 561 (Iowa 1985); *Shill v. Careage Corp.*, 353 N.W.2d 416, 420 (Iowa 1984).

We conclude the district court was correct in granting Naughton summary judgment.

AFFIRMED.